## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD SHADWICK,      )
                           )
        Plaintiff,      )
                           )
v.                     )      Civil Action No. _____
                           )
MEDTRONIC, INC.,      )
                           )
        Defendant.    )

### NOTICE OF REMOVAL

Defendant Medtronic, Inc. ("Medtronic"), a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota, by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of its removal of the above-captioned case from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

1.    Plaintiff Richard Shadwick commenced this action by filing a complaint on January 7, 2008 in the Superior Court for the District of Columbia. A summons was issued on January 7, 2008, and the case was docketed at 63-08.

2.    Copies of the complaint and summons were mailed to Medtronic on January 7, 2008. A true and correct copy of the complaint and summons are attached hereto as Exhibit A. No other pleadings or papers have been filed in this litigation.

3.    Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Medtronic of the complaint and summons. Since Medtronic is filing this Notice on January 22, 2008, removal is timely.

4.    The time for Medtronic to answer, move, or otherwise plead with respect to the complaint has not yet expired.

5.    Concurrent with the filing of this Notice, Medtronic is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Superior Court for the District of Columbia. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1441(a), because the United States District Court for the District of Columbia is the federal judicial district and division embracing the Superior Court for the District of Columbia, where this action was originally filed.

6.    By filing a Notice of Removal in this matter, Medtronic does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Medtronic specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## DIVERSITY OF CITIZENSHIP

7.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $ 75,000, and (2) the suit is between citizens of different states. *Greene v. Am. Fed'n of Gov't Employees*, No. 05-0408 (RMU), 2005 U.S. Dist. LEXIS 19973, at *4 (D.D.C. 2002).

8.    Complete diversity exists between the parties to this action. Medtronic is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota, and thus is a citizen of Minnesota. *See* Compl. p. 1; Exhibit B (Affidavit of Keyna P. Skeffington); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094 at * 4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is in Minnesota).

9.      Upon information and belief, Plaintiff Richard Shadwick is a citizen and resident of Florida. Compl. p. 1.

10.     Because the Plaintiff is a citizen of Florida and Defendant is a citizen of Minnesota, complete diversity exists in this action.

## AMOUNT IN CONTROVERSY

11.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000. *Nwachukwu v. Karl*, 223 F.Supp.2d 60, 65 (D.D.C. 2002). "Punitive damages are properly considered as part of the amount in controversy." *Id.* at 66.

12.     Here, Plaintiff seeks damages far in excess of $75,000. Plaintiff alleges that "[a]s a result of the Defendant's defective ICD, Mr. Shadwick suffered injuries, including, but not limited to, lead replacement surgery, incurred medical expenses for care and treatment, and suffered physical and mental pain." Compl. p. 2. Indeed, Plaintiff specifically "demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs." Compl. p. 5. The amount in controversy requirement is plainly satisfied where, as here, a plaintiff specifically requests damages in an amount greater than the jurisdictional minimum. *E.g.*, *Windsor v. Whitman-Walker Clinic, Inc.*, 512 F.Supp.2d 66, 68 n.3 (D.D.C. 2007) (recognizing diversity jurisdiction for removal where plaintiff sought damages of $3,000,000).

13.     Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Medtronic.

WHEREFORE, Notice is given that this action is removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

DATED:  January 23, 2008                    Respectfully submitted,

                                            MEDTRONIC, INC.

                                            By: _David M. Gossett / 8?C_
                                                One of its Attorneys

                                            Michael E. Lackey, Jr.
                                            David M. Gossett
                                            Mayer Brown LLP
                                            1909 K Street, Northwest
                                            Washington, D.C. 20006-1101
                                            mlackey@mayerbrown.com
                                            dgossett@mayerbrown.com
                                            (202) 263-3000 (t)
                                            (202) 263-3300 (f)

                                            *Attorneys for Defendant*
                                            *Medtronic, Inc.*

## CERTIFICATE OF SERVICE

I, David M. Gossett, an attorney, certify that I caused a copy of the attached Defendant,

Medtronic, Inc.'s Notice of Removal to be served by sending the same by facsimile and U.S.

mail, postage prepaid, on January 23, 2008, addressed to the following:

> Aaron M. Levine
> Brandon J. Levine
> Renee L. Robinson-Meyer
> Steven J. Lewis
> Benjamin J. Cooper
> 1320 19th Street, N.W., Suite 500
> Washington, D.C. 20036
> Fax: (202) 833-8046

David M. Gossett

A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
01/10/2008
CT Log Number 512965957



RECEIVED

JAN 1 1 2008

LAW DEPARTMENT
MEDTRONIC, INC.

**TO:**      Vicki Tersteeg
            Medtronic, Inc.
            MS: LC300, 710 Medtronic Parkway
            Minneapolis, MN 55432-5604

**RE:**      **Process Served in District of Columbia**

**FOR:**     Medtronic, Inc. (Domestic State: MN)

---

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Shadwick, Pltf. vs. Medtronic, Inc. Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Addendum, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court - Civil Division, DC<br>Case # 2008 CA 00063 B |
| **NATURE OF ACTION:** | Breach of Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/10/2008 postmarked on 01/07/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Aaron M. Levine<br>1320 Nineteenth St, N.W.<br>5th Floor<br>Washington, DC 20036<br>202-833-8040 |
| **ACTION ITEMS:** | Telephone, Vicki Tersteeg , 763-505-2671<br>*Called Vicki Tersteeg at 2:58 and informed her an due by date of the SOP.*<br>SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 791474292930<br>Email Notification, Vicki Tersteeg VICKI.ANN.TERSTEEG@MEDTRONIC.COM<br>Email Notification, Anne Sederstrom ANNE.SEDERSTROM@MEDTRONIC.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

RICHARD SHADWICK
   Vs.
MEDTRONIC, INC.

C.A. No.    2008 CA 000063 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:  January 7, 2008
Initial Conference: 9:30 am, Friday, April 18, 2008
Location:  Courtroom 112
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| RICHARD SHADWICK | |
|---|---|
| | *Plaintiff* |

**VS.**

| MEDTRONIC, INC. | |
|---|---|
| | *Defendant* |

Civil Action No. 0000063-08

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine | |
|---|---|
| Name of Plaintiff's Attorney | |
| 1320 Nineteenth St., N.W., 5th Floor | |
| Address | |
| Washington, DC 20036 | |
| (202) 833-8040 | |
| Telephone | |

By _____
Deputy Clerk

Date    JAN 0 7 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(9-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the **Neighborhood Legal Services (682-2700) for help** or come to Room JM 170 at 500 Indiana Avenue, N.W., for **more information concerning where you may** ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

RICHARD SHADWICK            )
5943 Alexander Circle      )
Fort Pierce, FL 34982      )
                             )
      Plaintiff,        )
                             )
    v.                )  Civil Action No.    0000003-08
                             )
MEDTRONIC, INC.        )
710 Medtronic Parkway   )
Minneapolis, MN 55432   )
w/s/o CT CORPORATION SYSTEM )
1015 15th Street, NW, #1000  )
Washington, DC 20005     )
                             )
      Defendant.     )



RECEIVED
Civil Clerk's Office
JAN 0 7 2008
Superior Court of the
District of Columbia
Washington, D.C.

### COMPLAINT
### (ICD Litigation – Products Liability, Punitive Damages)

1.     Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.     At all relevant times, Defendant is engaged, or has been engaged, in the testing, manufacturing, licensing, marketing, selling, promoting, and distributing, either directly or indirectly through third parties, of implantable cardioverter defibrillators ("ICDs") and/or ICD Leads throughout the United States, and are doing business in the District of Columbia.

### COUNT I
### (Negligence – Richard Shadwick v. Medtronic, Inc.)

3.     On or about September 1, 2006, Plaintiff Shadwick purchased and was implanted with a Medtronic Model 7299 ICD with a Sprint Fidelis lead Model 6949. The device and leads were implanted at the John F. Kennedy Medical Center in Atlantis, Florida.

4.     On or about October 15, 2007, Medtronic issued a recall of certain of its Sprint Fidelis Leads, including Model 6949, due to defects in the leads.

5.     As a result of the Defendant's defective ICD leads, Mr. Shadwick required surgery to replace said defective lead on or about November 6, 2007, at the John F. Kennedy Medical Center in Atlantis, Florida.

6.     As a result of the Defendant's defective ICD, Mr. Shadwick suffered injuries, including, but not limited to, lead replacement surgery, incurred medical expenses for care and treatment, and suffered physical and mental pain.

7.     Said injuries were the result of the negligence of the Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of ICDs and ICD leads, negligent design, negligent manufacturing, and failure to heed and report adverse reports regarding the safety of ICD leads.

## COUNT II
### (Strict Liability – Richard Shadwick v. Medtronic, Inc.)

8.     All of the allegations contained in Count I are realleged and incorporated herein by reference.

9.     Defendant was at all relevant times engaged in designing, developing, testing, inspecting, promoting, advertising, manufacturing, and/or distributing ICDs and ICD leads, which they sold and/or provided to various healthcare providers for implantation in patients as ultimate consumers throughout the United States, including Plaintiff Shadwick.

10.     While Defendant was engaged in the designing, testing, inspecting, manufacturing, marketing, distributing, and/or selling ICDs and ICD leads, Defendant sold the ICDs and ICD leads to other healthcare providers for use by and resale to patients, including Plaintiff Shadwick.

2

11.     The subject ICD lead implanted in Mr. Shadwick was in the same form and condition in which it existed when Defendant sold and/or provided and delivered the ICD lead for distribution to various healthcare providers.

12.     Defendant expected the ICD lead to reach consumers, including Mr. Shadwick, in the condition in which they sold them.

13.     Said product was defective when placed on the market by Defendant. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

14.     Said product was defective and unreasonably dangerous when put to its intended use.

15.     As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous product, Mr. Shadwick was implanted with said defective device and has suffered injury, loss, and damages as aforesaid.

16.     By reason of having marketed and promoted ICD leads in their defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Shadwick for his ICD lead-related injuries, losses, and damages.

## COUNT III
**(Breach of Warranty – Richard Shadwick v. Medtronic, Inc.)**

17.     All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

18.     At all times relevant to this action, Defendant marketed and promoted ICD leads accompanied by implied and express warranties and representations to physicians and their patients that the leads were efficacious to various cardiac conditions as directed for such purposes.

3

19.    Defendant knew, or should have known, that patients, including Plaintiff Shadwick and his attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

20.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.

21.    As a direct result of the breach of warranties by the Defendant, Plaintiff Shadwick has been injured as aforesaid.

## COUNT IV
### (Misrepresentation – Richard Shadwick v. Medtronic, Inc.)

22.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

23.    Defendant represented to patients, including Plaintiff Shadwick and his attending physicians, in promotion campaigns, advertisements, labeling, and literature that the subject ICD lead was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

24.    Plaintiff Shadwick and his attending physicians did, in fact, rely on Defendant's representations in their advice about purchase, use, and implantation of the subject ICD lead.

25.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to patients.

26.    As a direct result of said false representations by Defendant, Plaintiff Shadwick was injured as aforesaid.

## COUNT V
### (Punitive Damages – Richard Shadwick v. Medtronic, Inc.)

4

27.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff Shadwick's implant, had actual and constructive notice that the subject ICD leads were defective. Additionally, the Defendant knew or should have known that the subject ICD leads were ineffective, of no use and provided no benefit to the patient. Nonetheless, the Defendant knowingly and intentionally promoted the subject ICD leads as safe and effective to treat various cardiac conditions disregarding the adverse reports that demonstrated the defective nature of the subject ICD leads. Additionally, the Defendant fraudulently deceived the Food and Drug Administration, the cardiology profession and Plaintiff Shadwick by knowingly and intentionally withholding adverse reports, which it knew revealed the defective nature of their ICD leads.

**WHEREFORE**, Plaintiff Richard Shadwick demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper, #502149
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
Phone: (202) 833-8040
Fax:    (202) 833-8046
aaronlevinelaw@aol.com

Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD SHADWICK,                     )
                                      )
               Plaintiff,               )
                                      )
v.                                    )          Civil Action No. _____
                                      )
MEDTRONIC, INC.,                      )
                                      )
               Defendant.               )

## AFFIDAVIT OF KEYNA P. SKEFFINGTON

I, Keyna P. Skeffington, having been duly sworn on oath, hereby depose and state as follows:

1.      I am Assistant Secretary for Medtronic, Inc.

2.      Medtronic, Inc. is a corporation organized and existing under the laws of the State of Minnesota.

3.      A true and correct copy of a certificate of good standing issued by the Minnesota Secretary of State's Office demonstrating that Medtronic, Inc. is incorporated in the State of Minnesota is attached hereto as Exhibit 1.

4.     Medtronic, Inc.'s principal place of business is located in the State of Minnesota, at 710 Medtronic Parkway, Minneapolis, Minnesota.

FURTHER AFFIANT SAYETH NOT.

KEYNA P. SKEFFINGTON

Subscribed to and sworn
Before me this _____th day of
January, 2008

Notary Public

LORNA KORRINE JOHNSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2011

2

EXHIBIT 1 TO THE AFFIDAVIT OF KEYNA P. SKEFFINGTON
WHICH IS EXHIBIT B TO THE NOTICE OF REMOVAL
FILED BY DEFENDANT, MEDTRONIC, INC.

## State of Minnesota

# SECRETARY OF STATE

### Certificate of Good Standing

I, Mark Ritchie, Secretary of State of Minnesota, do
certify that:  The corporation listed below is a corporation
formed under the laws of Minnesota; that the corporation was
formed by the filing of Articles of Incorporation with the
Office of the Secretary of State on the date listed below; that
the corporation is governed by the chapter of Minnesota Statutes
listed below; and that this corporation is authorized to do
business as a corporation at the time this certificate is
issued.

Name: Medtronic, Inc.

Date Formed:  04/23/1957

Chapter Governed By:  302A

This certificate has been issued on 12/28/07.



Mark Ritchie

Secretary of State.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD SHADWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| MEDTRONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT MEDTRONIC, INC.'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Medtronic, Inc.

hereby demands a jury trial on all issues in the above-entitled matter.

DATED: January 23, 2008                      Respectfully submitted,


                                             MEDTRONIC, INC.


                                             By: _David M. Gossett/pc_____
                                                 One of its Attorneys

                                             Michael E. Lackey, Jr.
                                             David M. Gossett
                                             Mayer Brown LLP
                                             1909 K Street, Northwest
                                             Washington, D.C. 20006-1101
                                             mlackey@mayerbrown.com
                                             dgossett@mayerbrown.com
                                             (202) 263-3000 (t)
                                             (202) 263-3300 (f)

                                             *Attorneys for Defendant*
                                             *Medtronic, Inc.*

## CERTIFICATE OF SERVICE

I, David M. Gossett, an attorney, certify that I caused a copy of the attached Defendant,

Medtronic, Inc.'s Demand for Jury Trial to be served by sending the same by facsimile and U.S.

mail, postage prepaid, on January 23, 2008, addressed to the following:

> Aaron M. Levine
> Brandon J. Levine
> Renee L. Robinson-Meyer
> Steven J. Lewis
> Benjamin J. Cooper
> 1320 19th Street, N.W., Suite 500
> Washington, D.C. 20036
> Fax: (202) 833-8046

David M. Gossett

2

# CIVIL COVER SHEET

JS-44
rev.1/05 DC)

## I (a) PLAINTIFFS

Richard Shadwick

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** St. Lucie, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Aaron M. Levine
1320 19th Street, NW
Washington, DC 20036

## DEFENDANTS

Medtronic, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Hennepin, MN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Michael E. Lackey, Jr. & David M. Gossett
Mayer Brown LLP
1909 K Street, NW
Washington, DC 20006

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 4 Diversity (Indicate Citizenship of Parties in item III)

○ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ● B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ **1 Original Proceeding**  ● **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1446. 28 U.S.C. § 1332 - Diversity   Products liability action: Plaintiff claims negligence. strict liability. warranty. misrepresentation. punitives

| **VII. REQUESTED IN COMPLAINT** | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 4,000,000.00 **JURY DEMAND:** | Check YES only if demanded in complaint YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE  1/23/08          SIGNATURE OF ATTORNEY OF RECORD   *David M. Cassett / 80C*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.