## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD SHADWICK,        )
                                  )
        Plaintiff,        )
                                  )
v.                             )        Civil Action No. 1:08-cv-00128
                                  )
MEDTRONIC, INC.,        )
                                  )
        Defendant.      )

## DEFENDANT'S CONSENT MOTION TO STAY ALL PROCEEDINGS UNTIL AFTER A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON PENDING MOTIONS FOR TRANSFER

Defendant Medtronic, Inc., by and through undersigned counsel, respectfully moves this Honorable Court for an order staying all proceedings until after the Judicial Panel on Multidistrict Litigation (the "JPML") rules on pending motions (the "Pending JPML Motions") for transfer of all Sprint Fidelis cases to a single District Court for consolidated or coordinated treatment pursuant to 28 U.S.C. § 1407. Because Medtronic has agreed that transfer for coordination or consolidation would be appropriate, and no party has objected to the request for MDL treatment, it now seems all but certain that the cases will be transferred to a single District Court for consolidated or coordinated treatment. Moreover, the JPML has now set a hearing on the Pending JPML Motions for January 30, 2008, so we can reasonably anticipate that the requested stay will be of limited duration.

In support of this Consent Motion, Medtronic, Inc. submits the attached Memorandum of Law and exhibits. As set forth more fully in the attached Memorandum, to date, 25 other Sprint Fidelis cases pending in federal court have now been stayed until after the JPML decides the Pending JPML Motions.

Counsel for Medtronic has conferred with counsel for Plaintiff, pursuant to Local Civil Rule 7(m). Plaintiffs' counsel has advised that they consent to the entry of such a stay in this case as well.

WHEREFORE, Defendant Medtronic, Inc., prays that this Consent Motion to Stay All Proceedings Until After A Decision By The Judicial Panel On Multidistrict Litigation On Pending Motions For Transfer be granted and this Court enter a stay of all proceedings, including all scheduled conferences and hearings and all pending deadlines for filing of responsive pleadings and service of discovery or automatic disclosures under Fed. R. Civ. P. 26, until after the Pending JPML Motions are decided by the JPML.

DATED: January 25, 2008

Respectfully submitted,

MEDTRONIC, INC.


By: /s/ David M. Gossett
     One of its Attorneys

Michael E. Lackey, Jr.
David M. Gossett
Mayer Brown LLP
1909 K Street, Northwest
Washington, D.C. 20006-1101
mlackey@mayerbrown.com
dgossett@mayerbrown.com
(202) 263-3000 (t)
(202) 263-3300 (f)

*Attorneys for Defendant
Medtronic, Inc.*

## CERTIFICATE OF SERVICE

I, David M. Gossett, an attorney, certify that I caused a copy of the attached Defendant Medtronic, Inc.'s Consent Motion To Stay All Proceedings Until After A Decision By The Judicial Panel On Multidistrict Litigation On Pending Motions For Transfer, and the attached Memorandum In Support Of Consent Motion To Stay All Proceedings Until After A Decision By The Judicial Panel On Multidistrict Litigation On Pending Motions For Transfer to be served via the CF/ECF service, on January 25, 2008, upon the following:

Aaron M. Levine
Brandon J. Levine
Renee L. Robinson-Meyer
Steven J. Lewis
Benjamin J. Cooper
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
Fax: (202) 833-8046

/s/ David M. Gossett
David M. Gossett

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD SHADWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-00128 |
| | ) | |
| MEDTRONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**CONSENT MOTION TO STAY ALL PROCEEDINGS UNTIL AFTER A**
**DECISION BY THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION ON PENDING MOTIONS FOR TRANSFER**

Defendant Medtronic, Inc. ("Medtronic"), by and through undersigned counsel, hereby submits this Memorandum in support of its Consent Motion to Stay all proceedings until after the Judicial Panel on Multidistrict Litigation ("JPML") rules on pending JPML motions ("Pending JPML Motions"). The JPML has set a hearing on the Pending JPML Motions for January 30, 2008, less than one week from the date of this filing. Thus, it can reasonably be anticipated that the requested stay will be of limited duration. Further, counsel for Plaintiff has been contacted and consents to the entry of the requested stay.

**I.    BACKGROUND**

Plaintiff filed his Complaint in this matter in the Superior Court for the District of Columbia on January 7, 2008, asserting various theories of relief against Medtronic in connection with the alleged implantation of Sprint Fidelis leads manufactured and sold by Medtronic. Medtronic removed this matter to this Court on January 23, 2008.

As of the filing of this motion, there are approximately seventy-five cases alleging claims related to Sprint Fidelis leads (including over twenty-five putative class actions) pending in

various District Courts around the country, including the District of Arizona; the Central and Northern Districts of California; the District of Puerto Rico; the District of Minnesota; the Eastern and Western Districts of Missouri; the District of Kansas; the Southern and Northern Districts of Iowa; the Eastern, Middle, and Western Districts of Louisiana; the District of North Dakota; the Eastern District of Virginia; the Southern District of West Virginia; the Southern and Middle Districts of Florida; the Eastern District of New York; the District of New Jersey; the Southern District of Indiana; the Northern District of Ohio; the District of the District of Columbia; and the Western and Eastern Districts of Texas.

Initially, Plaintiffs in two of these actions filed motions before the JPML seeking transfer for coordination or consolidation pursuant to 28 U.S.C. § 1407(a).  *See* Motion of Plaintiffs Frederick Santitoro and Richard Kinney For Transfer and Consolidation of Related Actions Pursuant to 28 U.S.C. § 1407, filed on October 17, 2007 (Ex. A, hereto) and Motion to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407, filed by Plaintiff David Wood on October 17, 2007 (Ex. B, hereto).  Since then, several additional plaintiffs have filed papers with the JPML urging the JPML to transfer all of the Sprint Fidelis cases to a single District Court for consolidated or coordinated treatment.

In addition, Medtronic has responded to the § 1407(a) motions and agreed that transfer for coordination or consolidation would be appropriate.  The JPML has set a hearing for the issue for January 30, 2008.  Because no party has filed an objection to the request for MDL treatment, it now seems all but certain that the cases will be transferred to a single District Court for consolidated or coordinated treatment.

Moreover, since the initial motions seeking transfer for coordination or consolidation were filed with the JPML, at least twenty-five Sprint Fidelis actions pending in federal court

have been stayed or continued, either by motion or agreement of the parties.[1] *See Trosclair v. Medtronic, Inc., et al.*, Civil Action No. 07-7565 (E.D. La. Dec. 28, 2007) ("This Court is persuaded that the matter should be stayed in the interests of judicial economy, pending resolution of the motion to transfer before the JPML.") (Ex. C, hereto); *Theriot v. Medtronic, Inc. et al.*, Case No. 07-08441 (E.D. La. Jan. 16, 2008) (same) (Ex. D, hereto); *Londo v. Medtronic, Inc., et al.*, Case No. 07-1809 (W.D. La. Jan. 4, 2008) (staying proceedings pending a decision on transfer by the JPML) (Ex. E, hereto); *Stone v. Medtronic, Inc., et al.*, Case No. 3:07-cv-01902-RGJ-KLH (W.D. La. Dec. 21, 2007) (same) (Ex. F, hereto); *Crum v. Medtronic, Inc., et al.*, Case No. 07-00923 (M.D. La. Jan 15, 2008 (same) (Ex G, hereto); *North v. Medtronic, Inc., et al.*, Case No. 07-22764 (S.D. Fla. Dec. 6, 2007) (same) (Ex. H, hereto); *Clasby v. Medtronic, Inc., et al.*, Case No. 07-22768 (S.D. Fla. Dec. 7, 2007) (same) (Ex. I, hereto); *Luisi v. Medtronic, Inc., et al.*, Case No. 07-4250 (RHK) (D. Minn. Nov. 5, 2007) (same) (Ex. J, hereto); *White v. Medtronic, Inc., et al.*, Case No. 07-4412 (RHK) (D. Minn. Nov. 7, 2007) (same) (Ex. K, hereto); *Noonan v. Medtronic, Inc., et al.*, Case No. 07-4528 (D. Minn. Nov. 14, 2007) (same) (Ex. L, hereto); *Conway, et al. v. Medtronic, Inc., et al.*, Case No. 07-4270 (PAM) (D. Minn. Nov. 6, 2007) (same) (Ex. M, hereto); *Barrick v. Medtronic Worldwide Headquarters, et al.*, Case No. 3:07-4393 (MLC) (D.N.J. Nov. 19, 2007) (same) (Ex. N, hereto); *Alexander v. Medtronic, Inc.*, Case No. 07-45 19 (DWF) (D. Minn. Nov. 27, 2007) (same) (Ex. O, hereto); *Brown v. Medtronic, Inc., et al.*, Case No. 07-2542 (CM) (D. Kan. Nov. 29, 2007) (same) (Ex. P, hereto); *McNabb v. Medtronic USA, Inc.*, Case No. 07-0494 (DW) (W.D. Mo. Nov. 29, 2007) (same) (Ex. Q, hereto); *Shapiro v. Medtronic, Inc. et al.*, Case No. 0:07-cv-

---

[1] Defendants intend to seek stays by agreement or motion in all of the pending cases. The difference between the number of cases stayed to date and the number pending is largely due to the fact that not all filed actions have been served and others have motions to stay that have been filed but are still pending.

4669-PAM-JSM (D. Minn. Dec. 6, 2007) (same) (Ex. R, hereto); *Venning v. Medtronic, Inc. et al.,* Case No. 07-81056 (S.D. Fla. Dec. 10, 2007) (same) (Ex. S, hereto); *Badillo v. Medtronic, Inc.,* Case No. SA-07-CV-00942-XR (W.D. Tex. January 2, 2008) (same) (Ex. T, hereto); *Baque, et al. v. Medtronic, Inc.,* Case No. C07-05352 WHA (N.D. Cal. Jan. 4, 2008) (same) (Ex. U, hereto); *Graziani v. Medtronic, Inc., et al.,* Case No. CV-08-002-2 (C.D. Cal. Jan. 22, 2007) (same) (Ex. V, hereto); *Mitchell v. Medtronic, Inc. et al.,* 07-6352 (N.D. Cal. Jan 18, 2008) (same) (Ex. W, hereto); *Williams v. Medtronic, Inc.,* Case No. 4:07-CV-2052CAS (E.D. Mo. Jan. 11, 2008) ("The Court finds that the motion to stay should be granted to conserve judicial resources and prevent inconsistent pretrial orders pending transfer.") (Ex. X, hereto); *Carter v. Medtronic, Inc.,* 07-00752 (S. Dd. W. Va. Jan. 15, 2008 ("judicial economy weighs heavily in favor of staying the proceedings in this case…") (Ex. Y, hereto); *West v. Medtronic, Inc. et al.,* 07-05697 (N. D. Cal. Jan 16, 2008) ("in the interest of conserving judicial resources, proceedings before this Court are stayed.") (Ex. Z, hereto); *Phillips v. Medtronic, Inc., et al.,* Case No. 1:07-CV-01556-SEB-JMS (S.D. Ind. Dec. 27, 2007) (granting "indefinite enlargement of time to Respond to Plaintiff's Complaint" until after the JPML's decision) (Ex. AA, hereto).[2] All of the Sprint Fidelis cases pending in state court in Minnesota have likewise been stayed until after the JPML decides the Pending JPML Motions. *Bebeau v. Medtronic Inc., et al.,* No. 27-CV-07-22446 (Dist. Ct. Hennepin Cty. Minn. Dec. 21, 2007) (Ex. EE, hereto); *In re Medtronic Sprint*

---

[2] In one additional case, *Nelson, et al. v. Medtronic, Inc., et al.,* Case No. 07-1969 (GAG) (D.P.R. Nov. 13, 2007), the Honorable Gustavo A. Gelpi of the District of Puerto Rico denied Medtronic's motion for a stay without prejudice to Medtronic's ability to renew its request if the JPML had not disposed of the Pending JPML Motions by December 15, 2007. (Ex. BB, hereto). Moreover, Judge Gelpi expressly stated in his November 13 Order in that case that Medtronic "need not do anything" in the interim. (*Id.*) Medtronic renewed its motion to stay that case on December 17, 2007, and Judge Gelpi issued an Order on December 20, 2007, denying the renewed motion "at this time." (Ex. CC, hereto.) Judge Gelpi's December 20 Order further provides that plaintiffs in that case are to file Rule 26 disclosures by January 23, 2008, and that "[o]nce this occurs, plaintiffs shall so inform the court and the court will direct defendant accordingly." (*Id.*) And in *Coffee v. Medtronic, Inc., et al.,* Case No. 07-81094-CIV-Dimitrouleas (S.D. Fl. Jan. 2, 2008), the Honorable William P. Dimitrouleas denied Medtronic's motion for a stay "without prejudice to be renewed if the MDL Panel issues a conditional transfer order in this matter." (Ex. DD, hereto.)

*Fidelis Lead Prods.. Liab. State Court Litig.*, No. 27-CV-07-22446 (Dist. Ct. Hennepin Cty. Minn. Jan. 10, 2008) (Ex. FF, hereto).

## II. ARGUMENT

In light of the Pending JPML Motions, Medtronic respectfully requests that the Court stay or continue all proceedings herein until after the Pending JPML Motions are decided by the JPML.

To the extent that the JPML ultimately determines that transfer is warranted, such a limited stay and continuance is necessary to achieve the purposes of 28 U.S.C. § 1407 – the promotion of the just and efficient administration of the litigation.  Absent a stay, this Court could well be required to invest a great deal of time and resources in the supervision of discovery matters and other pretrial proceedings, even though the Court may lose jurisdiction over this matter when the JPML decides the Pending JPML Motions.  Moreover, the granting of a stay for a short period of time to permit the JPML to rule would impose no real prejudice on the Plaintiffs.  The JMPL is set to hear the Pending JPML Motions on January 30, 2008, and thus any stay entered would be of limited duration.

It is well-settled that "[a] district court has the inherent power to stay its proceedings. This power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). *Accord, e.g., Republic of Venezuela v. Philip Morris Cos., Inc.,* No. 99-0586-Civ., 1999 WL 33911677 (S.D. Fla. 1999) (citing *Landis).*

Consistent with this principle, courts routinely exercise their inherent power to stay actions where, as here, motions to transfer and consolidate are pending before the MDL Panel.  *See, e.g., Rivers,* 980 F. Supp. at 1362 ("it appears that a majority of courts have

concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel") (citations omitted); 15 WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3866.1 ("district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute"); *see also* MULTIDISTRICT LITIGATION MANUAL, § 3:15 ("District courts have . . . readily stayed proceedings pending a Panel decision"); MANUAL FOR COMPLEX LITIGATION, FOURTH, 22.35 ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well"); *accord Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft,* 48 F. Supp.2d 37, 43 (D.D.C. 1999) (granting defendant's motion to stay the case "pending resolution by the Judicial Panel on Multidistrict Litigation of defendants' motion to consolidate and transfer this and other related cases" because, "[g]iven the potential for common and overlapping issues in many of these cases, . . . such a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred"); *Bullard v. American Airlines,* 929 F. Supp. 1284, 1286-87 (W.D. Mo. 1996) ("[i]n light of" the filing of "a motion with the Judicial Panel on Multidistrict Litigation to consolidate all actions arising out of" the plane crash at issue, "the Court will stay ruling on the motion to dismiss pending the ruling on the motion to consolidate"); *Republic of Venezuela,* 1999 WL 33911677, at *1-2 ("granting a stay pending the JPML's decision of the Motion to Transfer and Consolidate").

Medtronic respectfully submits that such a stay pending the Panel's decision on the Pending JPML Motions would promote judicial economy. To quote the Northern District of Texas, "[i]f the MDL motion is granted, all of [this] Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank v. Royal Indem. Co.,* No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002). It would be highly inefficient for this Court to expend time and resources "familiarizing itself with the intricacies of a case" that could well "be heard by another judge." *Rivers,* 980 F. Supp. at 1360. Indeed, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the litigation" if the JPML grants the Pending JPML Motions. *Id.* at 1360-61.[3]

Further, Plaintiff can show no real prejudice from the entry of a stay under the circumstances presented here and, as noted above, Plaintiff's counsel does not oppose the relief sought herein. The stay sought by Medtronic would be of limited duration as the JPML has set the request for MDL treatment for hearing for January 30, 2008. This action is in its early stages, having been filed just over two weeks ago, on January 7, 2008; Plaintiff will not be harmed if responsive pleadings, discovery and other pretrial matters are delayed for a short period of time to allow the JPML to act. *C.f., Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* Civ. A. No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 4, 1991) ("[E]ven if a temporary stay can be

---

[3] A stay also promotes judicial efficiency by eliminating the potential that the parties and the MDL court could be burdened with conflicting pretrial rulings. *See Aetna U.S. Healthcare,* 48 F. Supp. 2d at 43. When cases proceed in different District Courts pending the JPML's decision to transfer the cases to a single judge, those courts not only duplicate each other's work, but also create the potential for inconsistent pretrial orders or rulings on similar pretrial motions. If the cases are transferred by the JPML, the MDL judge must thereafter address those inconsistent pretrial rulings.

characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").

Just as in *Rivers,* "since it would serve the interests of judicial economy and because there is no evidence that it would prejudice [the non-movant], it is appropriate for this Court to grant [the] motion to stay pending an MDL Panel decision regarding consolidation." 980 F. Supp. at 1362. "[S]uch a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred." *Aetna U.S. Healthcare,* 48 F. Supp.2d at 43.

## III. CONCLUSION

WHEREFORE, Defendant Medtronic, Inc. respectfully requests that this Court enter an order staying all proceedings, including all scheduled conferences and hearings and all pending deadlines for filing of responsive pleadings and service of discovery or automatic disclosures under Fed. R. Civ. P. 26, until after the Pending JPML Motions are decided by the JPML. This request is not opposed by Plaintiff.

DATED:  January 25, 2008

Respectfully submitted,

MEDTRONIC, INC.
By: /s/ David M. Gossett
       One of its Attorneys

Michael E. Lackey, Jr.
David M. Gossett
Mayer Brown LLP
1909 K Street, Northwest
Washington, D.C. 20006-1101
mlackey@mayerbrown.com
dgossett@mayerbrown.com
(202) 263-3000 (t)
(202) 263-3300 (f)

*Attorneys for Defendant*
*Medtronic, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICHARD SHADWICK,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )        Civil Action No. 1:08-cv-00128
                                 )
MEDTRONIC, INC.,                 )
                                 )
            Defendant.           )

## ORDER

After considering Defendant's Consent Motion to Stay All Proceedings Until After A

Decision By The Judicial Panel On Multidistrict Litigation On Pending Motions For Transfer,

any response thereto, the Pleadings on file, and the arguments of counsel, the Court finds that

the Consent Motion to Stay should be GRANTED.

Therefore, Defendant's Consent Motion to Stay is GRANTED in its entirety and it is

therefore ORDERED that all proceedings, including all scheduled conferences and hearings and

all pending deadlines for filing of responsive pleadings and service of discovery or automatic

disclosures under Fed. R. Civ. P. 26, are stayed until after the pending transfer motions are

decided by the Judicial Panel on Multidistrict Litigation.

Dated: _____ , 2008

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH PAUL TROSCLAIR | CIVIL ACTION |
| VERSUS | NO. 07-7565 |
| MEDTRONIC, INC., ET AL | SECTION "C" (3) |

**ORDER GRANTING FIRST MOTION FOR EXTENSION OF TIME
TO FILE RESPONSIVE PLEADINGS**

Considering that no response or opposition to Defendant's First Motion for Extension of

time to Answer has been filed,

**IT IS ORDERED** that Defendant's First Motion for Extension of Time to Answer

#5 is GRANTED and the December 12, 2007 hearing before the undersigned is

CANCELLED.

New Orleans, Louisiana this 7th of December, 2007.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

EXHIBIT

A

Case 4:08-cv-00082-RP-TJS    Document 63    Filed 00/23/2008    Page 2 of 13
Case 1:08-cv-00082-CKK    Document 63    Filed 00/23/2008    Page 2 of 13

Case 2:07-cv-08441-EEF-KWR    Document 5    Filed 01/16/2008    Page 1 of 1

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HENRY J. THERIOT AND                      *        CASE NO. 07-8441
EARLINE B. T HERIOT,                      *
                                          *
            Plaintiffs                    *        SECT L, MAG. 4
v.                                        *
                                          *
MEDTRONIC, INC., MEDTRONIC PUERTO         *
RICO, INC. AND MEDTRONIC PUERTO           *
RICO OPERATIONS CO.,                      *
                                          *
            Defendants                    *
***********************************************

## ORDER

Considering the Defendants' Unopposed Motion to Stay Proceedings and Memorandum

in Support thereof,

IT IS HEREBY ORDERED that the Defendants' Unopposed Motion to Stay Proceedings

is hereby GRANTED and this matter is stayed, pending a decision by the Joint Panel on

Multidistrict Litigation on the pending motions to transfer.

New Orleans, Louisiana this 16th day of January, 2008.

_____
JUDGE

**EXHIBIT**

B

RECEIVED

JAN - 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MATTIE LEY JOHNSON LONDO

VERSUS

MEDTRONIC, INC., ET AL.

CIVIL ACTION NO. 07-1809

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING AND ORDER

Pending before this Court are defendant Medtronic, Inc's Motion to Stay Proceedings [Doc. 6] and defendants Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co.'s Motion to Join in Medtronic, Inc.'s Motion to Stay [Doc. 12]. All defendants seek expedited consideration of the motion to stay [Doc. 13]. The motions are unopposed,[1] and for the following reasons, all are GRANTED.

The Medtronic entities manufacture Sprint Fidelis leads – or wires – that are implanted along with implanatable defibrillators in cardiac patients. Plaintiff filed the instant lawsuit alleging they had defective Sprint Fidelis leads implanted with their implantable defibrillators, which caused the defibrillators to fail. The Sprint Fidelis leads at issue include the 6949 Sprint Fidelis cardiac-defibrillator leads; the 6949 LFJ extendable/retractable screw fixation (S) model; the 6948 LFH tuned fixation (T) model; the 6931 LFT S fixation; and the 6930 LFK T fixation, all manufactured and sold by Medtronic.

Over three dozen actions alleging claims related to Sprint Fidelis leads, including several putative class actions, have now been filed in various federal district courts around the country,

[1] Although Medtronic's motion to stay states plaintiff opposes the motion, which was filed on December 7, 2007, the delay for filing an opposition brief has passed. Therefore, the motion is considered by the Court as unopposed.


EXHIBIT
C

Case 4:08-cv-00628-PP-CKS   Document 643   Filed 01/23/2008   Page 2 of 2 13
Case 9:08-cv-00628-CKS   Document 643   Filed 01/23/2008   Page 2 of 2 13

JAN-04-2008 FRI 03:02 PM CLERK US DISTRICT COURT    FAX NO. 337 593 5027        P. 03/03

2008 motion calendar.

IT IS FURTHER ORDERED that if the instant case is not transferred to the JPML within ninety (90) days of the date of this Memorandum Ruling and Order, movants shall contact this Court for the purpose of scheduling a telephone status conference to set the case for trial.

IT IS FURTHER ORDERED that the Clerk of Court shall FAX a copy of this order to all counsel of record.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 4 day of January, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 1-4-08
BY OS
TO: Diapar Beneil Jr.
Salas III
moreland
Pevton
Christiana Sr
Bogart
Zwain
marton III
Boyer
Watson

-3-

---

—— Original Message ——
From: Reply@lawd.uscourts.gov
To: Clerk@lawd.uscourts.gov
Sent: Friday, December 21, 2007 8:44 AM
Subject: Activity in Case 3:07-cv-01902-RGJ-KLH Stone v. Medtronic Inc et al Order on Motion to Stay

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### Western District of Louisiana

## Notice of Electronic Filing

The following transaction was entered on 12/21/2007 at 8:44 AM CST and filed on 12/21/2007
**Case Name:** Stone v. Medtronic Inc et al
**Case Number:** 3:07-cv-1902
**Filer:**
**Document Number:** 7(No document attached)

**Docket Text:**
**ELECTRONIC ORDER granting [6] Motion to Stay. This matter is hereby STAYED pending a decision by the Joint Panel on Multidistrict Litigation on the pending motions to transfer. Signed by Magistrate Judge Karen L Hayes on 12/21/07. (jud,Hayes, Karen)**

**3:07-cv-1902 Notice has been electronically mailed to:**

Waldon Michael Hingle servewmh@hinglelaw.com, bettyp@hinglelaw.com, candice@hinglelaw.com, celia@hinglelaw.com, heidi@hinglelaw.com, krista@hinglelaw.com, shelly@hinglelaw.com, shellym@hinglelaw.com

Kelly C Bogart kbogart@duplass.com, kprice@duplass.com

Bryan A Pfleeger bryan@hinglelaw.com, beckys@hinglelaw.com

**3:07-cv-1902 Notice will not be electronically mailed to:**



EXHIBIT
D

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERTRENA WILKINSON CRUM, | * | CV 07-00923-FJP-DLD |
| Plaintiff | * | |
| v. | * | |
| MEDTRONIC, INC., MEDTRONIC PUERTO RICO, INC., AND MEDTRONIC PUERTO RICO OPERATIONS CO., | * | |
| Defendants | * | |

**********************************************

## ORDER

After considering Defendants' Unopposed Motion to Stay All Proceedings until after a decision by the Judicial Panel on Multidistrict Litigation on pending motions for transfer, the pleadings on file, and the arguments of counsel, the Court finds that the Motion should be GRANTED.

Therefore, Defendants' Unopposed Motion to Stay All Proceedings is GRANTED in its entirety and it is therefore ORDERED that all hearings, deadlines, and proceedings in this case are stayed until after the pending transfer motions are decided by the Judicial Panel on Multidistrict Litigation.

Baton Rouge, Louisiana, January 15, 2008.

*Frank J. Polozola*

**JUDGE FRANK J. POLOZOLA**

EXHIBIT

E

Case 0:08-cv-00082-RFC-KS Document 67-3 Filed 00/25/2008 Page 7 of 13
Case 9:07-cv-81956-KAM Document 9-10 Entered on FLSD Docket 02/07/2008 Page 1 of 1
Case 1:07-cv-22764-PCH Document 27 Entered on FLSD Docket 12/06/2007 Page 1 of 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 07-22764-CIV-HUCK/SIMONTON**

JOHN NORTH, individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.

MEDTRONIC, INC.,
MEDTRONIC PUERTO RICO, INC.,
and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

     Defendants.

_____/

**ORDER GRANTING MOTION TO STAY**

THIS CAUSE is before the Court upon Defendant Medtronic, Inc.'s Motion to Stay All
Proceedings Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motion
for Transfer, filed November 9, 2007 [D.E. #5]. For the reasons stated in open court at the
December 6, 2007 hearing, it is hereby

ORDERED AND ADJUDGED that the Motion is GRANTED.

DONE and ORDERED in Chambers at Miami, Florida this December 6, 2007.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

> **EXHIBIT**
> F

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22768-CIV-UNGARO

EUGENE CLASBY, individually and on behalf
of all others similarly situated,
    Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO RICO,
INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,
    Defendants.

_____/

### ORDER STAYING PROCEEDINGS

THIS CAUSE came before the Court upon Defendant Medtronic Inc.'s Motion to Stay

Proceedings and Continue the Court's Order Setting Initial Planning and Scheduling Conference as

Well as All Other Deadlines Pending in this Action Until After A Decision By the Joint Panel on

Multidistrict Litigation on Pending Motions for Transfer, filed November 9, 2007.   (D.E. 7.)

Plaintiff filed a Response on November 30, 2007.  (D.E. 17.)

THE COURT has considered the Motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Motion to Stay is GRANTED.   Within 30 days, the

parties shall file a notice to the Court, informing the Court on the status of the pending motions to

transfer.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of December, 2007.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

EXHIBIT

G

Case 4:08-cv-00082-RP-CFB   Document 93   Filed 01/23/2008   Page 9 of 13
Case 9:07-cv-81056-KAM   Document 13-12   Entered on FLSD Docket 02/07/2071 of Page 1 of 1
Case 0:07-cv-04250-RHK-JSM   Document 13   Filed 11/05/2007   Page 1 of 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KELLY LUISI, on behalf of herself
and all others similarly situated and
LEN J. STAVISH, on behalf of
himself and all others similarly
situated,

                          Plaintiffs,

          vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and
MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                          Defendants.

Case No.: 0:07-cv-4250-RHK-JSM

---

### ORDER

---

IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

    1.    Medtronic's Motion to Continue Court's Deadlines Until After a

Decision By the Joint Panel on Multidistrict Litigation on Pending Motions

for Transfer is GRANTED in its entirety.  All scheduled hearings and all

pending deadlines for filing of an answer and/or responsive pleadings and

service of discovery or automatic disclosures under Fed. R. Civ. P. 26 shall

be stayed until after the Pending JPML Motions are decided by the JPML.

Dated:  November 5, 2007

                                        s/ Janie S. Mayeron
                                        JANIE S. MAYERON
                                        U.S. Magistrate Judge

**EXHIBIT**

H

Case 4:08-cv-00028-RP-TJS   Document 46-8   Filed 01/23/2008   Page 10 of 13
Case 9:07-cv-81056-KAM   Document 9-13   Entered on FLSD Docket 12/07/2007   Page 1 of 2
Case 0:07-cv-04412-RHK-JSM   Document 9   Filed 11/07/2007   Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LINDA J. WHITE, on Behalf of Herself and all
Others Similarly Situated,

              **Plaintiff,**

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

              **Defendants.**

Case No.: 0:07-cv-4412-(RHK/JSM)

**ORDER**

WHEREAS, Plaintiff Linda J. White, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic"), have agreed in a stipulation electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that

**EXHIBIT**

I

Case 4:08-cv-00038-RP-TJS   Document 4-10   Filed 01/23/2008   Page 2 of 13
Case 9:07-cv-04450-KAM   Document 9-3   Entered on FLSD Docket 12/07/2007   Page 2 of 2
Case 0:07-cv-04412-RHK-JSM   Document 9   Filed 11/07/2007   Page 2 of 2

have been filed in federal courts nationwide against Medtronic that relate to the alleged

implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

IT IS SO ORDERED.

Dated: November 7, 2007

BY THE COURT:

*s/ Janie S. Mayeron*
JANIE S. MAYERON
U.S. Magistrate Judge

2

Case 0:08-cv-00028-RCKS    Document 4-13    Filed 01/23/2008    Page 12 of 213
Case 9:07-cv-81056-KAM    Document 9-14    Entered on FLSD Docket 02/07/2007    Page 1 of 2
Case 0:07-cv-04528-JMR-FLN    Document 9    Filed 11/14/2007    Page 1 of 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JESSE NOONAN, on behalf of herself and all
others similarly situated,

               Plaintiff,

      vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

               Defendants.

Case No.: 0:07-cv-4528-JMR-FLN

ORDER TO CONTINUE THE
COURT'S DEADLINES

WHEREAS, Plaintiff Jesse Noonan, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic") have agreed in a stipulation electronically filed as Document No. 7 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



EXHIBIT

J

Case 4:08-cv-00028-RP-TJS   Document 48-3   Filed 01/22/2008   Page 2 of 2   13
Case 9:07-cv-04528-JMR-FLN   Document 9   Filed 12/24/2007   Page 2 of 2
Case 0:07-cv-04528-JMR-FLN   Document 9   Filed 11/14/2007   Page 2 of 2

IT IS SO ORDERED.

Dated: November 14, 2007.

BY THE COURT:

s/ *Franklin L. Noel*
U.S. District Court for the
District of Minnesota

Case 4:08-cv-00428-RCKKS Document 4-24 Filed 01/25/2008 Page 1 of 18
Case 9:07-cv-81058-KAM Document 5-15 Entered on FLSD Docket 12/07/2007 Page 1 of 2
Case 0:07-cv-04270-RHK-JSM    Document 4    Filed 11/06/2007    Page 1 of 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HARVEY LEE CONWAY, JR., JOHN PAUL
MILLER, and CHARLES PETERSON, JR. on
behalf of themselves and all others similarly
situated,

Plaintiffs,

vs.

MEDTRONIC, INC.; MEDTRONIC PUERTO
RICO, INC. and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

Defendants.

Case No.: 0:07-cv-4270-PAM-JSM

**STIPULATION FOR CONTINUANCE OF
COURT'S DEADLINES**

Plaintiffs Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr., on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic"), by and through their undersigned counsel, hereby stipulate as follows:

All scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

**EXHIBIT**

tabbies

_K_

Dated:  November 6, 2007                  Respectfully Submitted,

                                          **BOWMAN AND BROOKE LLP**

                                          By:___s/ George W. Soule_____

                                               George W. Soule (#103664)
                                               Melissa R. Stull (#387060)
                                               150 South Fifth Street, Suite 3000
                                               Minneapolis, MN 55402
                                               george.soule@bowmanandbrooke.com
                                               melissa.stull@bowmanandbrooke.com
                                               Tel:  612.339.8682
                                               Fax: 612.339.3200

                                               and

                                               Philip S. Beck
                                               Bartlit Beck Herman Palenchar & Scott LLP
                                               Courthouse Place
                                               54 West Hubbard Street, Suite 300
                                               Chicago, IL 60610
                                               philip.beck@bartlit-beck.com
                                               Tel:  312.494.4411
                                               Fax: 312.494.4440

                                          **ATTORNEYS FOR DEFENDANTS**

Dated:  November 5, 2007                  Respectfully Submitted,

                                          **LOCKRIDGE GRINDAL NAUEN P.L.L.P**

                                          By:____s/Robert K. Shelquist_____

                                               Richard A. Lockridge (64117)
                                               Robert K. Shelquist (02130X)
                                               Yvonne M. Flaherty (267600)
                                               100 Washington Avenue South, Suite 2200
                                               Minneapolis, MN 55401-2197
                                               Tel:  612.339.6900
                                               Fax: 612.339.0981

                                          **ATTORNEYS FOR PLAINTIFFS**

Case 4:08-cv-00428-RCKKS Document 4-63 Filed 01/25/2008 Page 13 of 18
Case 9:07-cv-80507-KAM09-XXXX Document Entered on FLSD 12/21/2007 Page 1 of 3
Case 3:07-cv-04393-MLC-TJB Document 13 Filed 11/19/2007 Page 1 of 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

E. DAVID BARRICK,

    Plaintiff,

v,

MEDTRONIC WORLD
HEADQUARTERS, et al.,

    Defendants.

Civil Action No. 07-4393 (MLC)

ORDER

> **EXHIBIT**
>
> _L_

This matter having been opened to the Court upon letter application by counsel for Defendant Medtronic World Headquarters ("Medtronic) seeking an Order staying proceedings in this matter pending a transfer decision by the Joint Panel on Multidistrict Litigation ("JPML"); and Medtronic arguing that motions have been filed with the JPML pursuant to 28 U.S.C. § 1407(a) seeking to transfer to a single federal district court all of the cases that have been filed in federal court that relate to Medtronic's Sprint Fidelis leads; and Medtronic further arguing that this matter would be subject to such a transfer; and Medtronic further arguing that this matter should be stayed pending a transfer decision by the JPML; and Medtronic further arguing that the Court has the inherent power to stay this matter (*see Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); and Medtronic further arguing that a limited stay is warranted here to achieve the purposes of 28 U.S.C. § 1407, namely the promotion of just and efficient administration of litigation; and Medtronic further arguing that absent a stay, the Court will be forced to expend a great amount of time and resources in supervising the discovery process as well as other pretrial proceedings, despite the fact that this Court may lose jurisdiction over this matter; and Medtronic further arguing that the short stay that it requests would not impose any real prejudice on Plaintiff; and

Case 4:08-cv-00428-RCKKS Document 14-34 Filed 01/25/2008 Page 2 of 18
Case 9:07-cv-84050-KAM Document Docketed on FLSD Docket 07/2007 Page 2 of 3
Case 3:07-cv-04393-MLC-TJB Document 13 Filed 11/19/2007 Page 2 of 3

Plaintiff opposing Medtronic's application for a stay to the extent it seeks to stay discovery and

the need for the parties to provide the automatic disclosures required by FED.R.CIV.P. 26; and

Plaintiff arguing that he is a man of old age and poor health and therefore has a strong interest in

proceeding in this case without delay; and Plaintiff further arguing that Medtronic's concerns

regarding judicial economy are misplaced because the onus in proceeding with discovery is

largely on the attorneys for both parties and not the Court; and the Court having reviewed the

submissions of the parties; and the Court finding that "[t]he power to stay proceedings is

incidental to the power inherent in every court to schedule disposition of the cases on its docket

so as to promote fair and efficient adjudication" and consequently it has wide discretion in

determining whether to stay a particular matter (*Gold v. Johns-Manville Sales Corp.*, 723 F.2d

1068, 1077 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254-55); see *Arthur-Magna, Inc. v. Del-Val*

*Fin. Corp.*, CIV. A. No. 90-4378, 1991 WL 13725, *1-2 (D.N.J. Feb. 1, 1991)); and the Court

further finding that while Plaintiff has not cited any case law in favor of his argument that a stay

should not be granted, Plaintiff does argue that he an old man of poor health who has an interest

in this matter proceeding without delay; the Court notes that no Affidavit or other sworn

statement by Plaintiff was attached to his letter verifying his age or health, though the Court

nevertheless accepts Plaintiff's unsworn statements at face-value as if made under oath; and the

Court further finding that while the parties certainly bear much of the burden of discovery, the

Court also expends a great deal of resources monitoring the discovery process and resolving

discovery disputes; and the Court further finding that the JPML typically acts swiftly and

therefore, a stay of this matter would not likely be extensive; and the Court further finding that a

short stay of this matter is therefore warranted, despite the delay, as it would promote judicial

economy and efficiency without prejudicing Plaintiff; and the Court having considered this

matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 19th day of November, 2007,

ORDERED that Medtronic's application for a stay is GRANTED; and it is further

ORDERED that the Initial Conference scheduled to take place on November 19, 2007,

which had temporarily been postponed pending the Court's decision of this application, is, along

with all other proceedings in this matter, hereby stayed pending a transfer decision by the JPML;

and it is further

ORDERED that the parties immediately inform the Court in writing when the JPML has

rendered its transfer decision.

_____s/ Tonianne J. Bongiovanni_____
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

Case 4:08-cv-00428-RCKKJS Document 4-644 Filed 01/25/2008 Page 16 of 218
Case 9:07-cv-84056-KAM Document 9-17 Entered on FLSD Docket 02/07/2007 Page 1 of 2
Case 0:07-cv-00942-DWF Document 9 Filed 12/04/2007 Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DONALD ALEXANDER,

               Plaintiff,

vs.

MEDTRONIC, INCORPORATED,

               Defendant.

Case No.: 0:07-cv-4519-DWF-AJB

**ORDER TO CONTINUE THE
COURT'S DEADLINES**

     Plaintiff Donald Alexander and defendant Medtronic, Incorporated (hereinafter "Medtronic") have agreed in a stipulation electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

     NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



IT IS SO ORDERED.

Dated:  November 26, 2007.

BY THE COURT:


_s/ Arthur J. Boylan_____
Arthur J. Boylan
U.S. Magistrate Judge

**U.S. District Court**
**District of Kansas (Kansas City)**
**CIVIL DOCKET FOR CASE #: 2:07-cv-02542-CM-JPO**

Brown v. Medtronic, Inc. et al
Assigned to: District Judge Carlos Murguia
Referred to: Magistrate Judge James P. O'Hara
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/08/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Phillip S. Brown**
*on behalf of himself and all others*
*similarly situated*

represented by **John M. Parisi**
Shamberg, Johnson & Bergman, Chtd. -
KCMO
2600 Grand Blvd.-Ste. 550
Kansas City, MO 64108
816-474-0004
Fax: 816-474-0003
Email: jparisi@sjblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Medtronic, Inc.**

represented by **Patrick Lysaught**
Baker, Sterchi, Cowden & Rice, L.L.C.
- KC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: lysaught@bscr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Medtronic Puerto Rico, Inc.**

represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Medtronic Puerto Rico Operations,**
**Co.**

represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*



**EXHIBIT**

N

Case 4:08-cv-00028-RP-KKS Document 4-9 Filed 01/25/2008 Page 2 of 18
District of Kansas - Docket Report
Case 9:07-cv-81567-KAM Document Docket Entered on FLSD Docket 02/07/2002 Page 2 of 3

**Defendant**

**Medtronic International Technology, Inc**     represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2007 | 1 | COMPLAINT (Summons Issued) with trial location of Kansas City, Kansas, filed by Phillip S. Brown.(kao) (Entered: 11/09/2007) |
| 11/08/2007 | | FILING FEE PAID: In the amount of $ 350, receipt number K4631010518. (kao) (Entered: 11/09/2007) |
| 11/09/2007 | | Summons Issued as to Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/09/2007) |
| 11/15/2007 | 2 | AMENDED COMPLAINT *(Class Action)* against all defendants, filed by Phillip S. Brown.(Parisi, John) (Entered: 11/15/2007) |
| 11/15/2007 | | Summons Issued as to Medtronic International Technology, Inc. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/15/2007) |
| 11/15/2007 | 3 | RETURN OF SERVICE of Medtronic, Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/15/2007) |
| 11/21/2007 | 4 | RETURN OF SERVICE of Medtronic Puerto Rico Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/21/2007 | 5 | RETURN OF SERVICE of Medtronic Puerto Rico Operations Co., filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/29/2007 | 6 | Joint MOTION to Stay Case by Defendants Medtronic International Technology, Inc, Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.(Lysaught, Patrick) (Entered: 11/29/2007) |
| 11/29/2007 | 7 | ORDER granting the joint motion of the parties 6 to stay the case until the pending motions before the Judicial Panel on Multidistrict Litigation have been decided. Signed by Magistrate Judge James P. O'Hara on 11/29/07. (ct) (Entered: 11/29/2007) |
| 12/01/2007 | 8 | RETURN OF SERVICE of Medtronic International Technology, Inc. filed by Plaintiff Phillip S. Brown. (Parisi, John) (Entered: 12/01/2007) |

---

## PACER Service Center

| Transaction Receipt | | | | | |
|---|---|---|---|---|---|
| 12/05/2007 15:06:45 | | | | | |
| PACER Login: | bj0447 | Client Code: | 144-005 | | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-02542-CM-JPO | | |
| Billable Pages: | 2 | Cost: | 0.16 | | |

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RUBY MCNABB,                    )
                               )
         Plaintiff,             )
                               )
v.                              )
                               )     No. 07-0494-CV-W-DW
                               )
MEDTRONIC USA, INC.,            )
                               )
         Defendant.             )

## ORDER

Before the Court is the parties' Joint Motion for Stay of Proceedings (Doc. 7). The Court

hereby GRANTS the motion and stays all scheduled hearings and deadlines in this case until

resolution of pending transfer motions before the Joint Panel on Multidistrict Litigation

("JPML"). The parties shall keep the Court apprised of the status of proceedings before the

JPML.

Date:   November 29, 2007          _____/s/ Dean Whipple_____
                                         Dean Whipple
                                   United States District Judge



# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leonard Shapiro, on behalf of himself and all
others similarly situated,

Case No.: 0:07-cv-4669-PAM-JSM

                Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

**ORDER TO CONTINUE THE
COURT'S DEADLINES**

                Defendants.

Plaintiff Leonard Shapiro and defendant Medtronic, Incorporated (hereinafter
"Medtronic") have agreed in a stipulation electronically filed as Document No. 5 that all
scheduled hearings and all pending deadlines for filing of an answer and/or responsive
pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules
of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on
the pending motions seeking to transfer to a single federal district court all of the cases that
have been filed in federal courts nationwide against Medtronic that relate to the alleged
implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all
scheduled hearings and all pending deadlines for filing of an answer and/or responsive
pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules
of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on
the pending motions seeking to transfer to a single federal district court all of the cases that
have been filed in federal courts nationwide against Medtronic that relate to the alleged
implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

**EXHIBIT**

P

IT IS SO ORDERED.

Dated: December 6, 2007

BY THE COURT:


*s/ Janie S. Mayeron*
JANIE S. MAYERON
U.S. Magistrate Judge

Case 4:08-cv-00028-RP-TJS   Document 46-4   Filed 01/22/2008   Page 14 of 18
Case 5:07-cv-00942-XR   Document 10-14   Filed 12/21/2007   Page 1 of 2
Case 9:07-cv-81056-KAM   Document 11   Entered on FLSD Docket 12/11/2007   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81056-CIV-MARRA/JOHNSON

DOUG VENNING, on behalf of himself
and all others similarly situated,

     Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

     Defendants.

_____/

**EXHIBIT**

Q

## <u>ORDER</u>

This cause is before the Court upon Defendants' Unopposed Motion to Stay All

Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending

Motions for Transfer [DE 9], filed December 7, 2007. The Court has carefully examined the

notice and is otherwise fully advised in the premises.

Defendants inform the Court that several plaintiffs, including the Plaintiff in this case,

have filed papers with the Judicial Panel on Multidistrict Litigation seeking transfer of all of the

Sprint Fidelis cases to a single district court for consolidated or coordinated treatment. (Def. Mot.

2-3.) .

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)    Defendants' Unopposed Motion to Stay All Proceedings Until After a Decision by

        the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer

Case 4:08-cv-00029-RP-TJS    Document 4-4    Filed 01/22/2008    Page 25 of 18
Case 5:07-cv-00942-XR    Document 10-14    Filed 12/21/2007    Page 2 of 2
Case 9:07-cv-81056-KAM    Document 11    Entered on FLSD Docket 12/11/2007    Page 2 of 2

[DE 9] is **GRANTED**.

2)    The clerk shall **ADMINISTRATIVELY CLOSE** this case.  Should this case not

be transferred to a Multidistrict Litigation Panel, either party may petition this

Court to re-open the case.

2)    All pending motions are **DENIED AS MOOT WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 10th day of December 2007.

KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record

**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JAN 2 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

| | | |
|---|---|---|
| SALINA MARIE BADILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-07-CV-00942-XR |
| | § | |
| | § | |
| MEDTRONIC, INC. | § | |
| | § | |
| Defendant. | § | |

**ORDER**

After considering Defendant's Motion to Stay, any response thereto, the Pleadings on

file, and the arguments of counsel, the Court finds that the Motion should be GRANTED. ( docket #10 )

Therefore, Defendants' Motion to ~~Compel~~ *Stay* is GRANTED in its entirety and it is therefore

ORDERED that all hearings, deadlines, and proceedings in this case are stayed until after the

pending transfer motions are decided by the Joint Panel on Multidistrict Litigation. Defendants shall file an Advisory within 5 days of the JPML's decision.

Dated: _JANRY  2_, 2008

_____
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT**

R

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JENEANE BAQUE, et al.,                          No. C 07-05352 WHA

          Plaintiffs,

    v.                                              **ORDER GRANTING MOTION TO
STAY PROCEEDINGS AND
VACATING HEARING**

MEDTRONIC INC.,

          Defendant.

        Defendant moved to stay proceedings pending decision by the judicial panel on

multi-district litigation on pending motions for transfer. Plaintiffs did not file an opposition. In

their reply, defendant contend that plaintiffs' failure to file an opposition may be deemed as

consent to granting the motion. Plaintiffs do not argue otherwise. The motion to stay

proceedings is therefore GRANTED and the hearing on January 10, 2008, is VACATED.

        **IT IS SO ORDERED.**

Dated: January 4, 2008.

                     WILLIAM ALSUP
                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

EXHIBIT

S

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JAMES C. WILLIAMS,                )
                                  )
     Plaintiff,                 )
                                  )
     v.                         )     No. 4:07-CV-2052CAS
                                  )
MEDTRONIC, INC.,                  )
                                  )
     Defendant.                 )

## ORDER

This matter is before the Court on the parties' joint motion to stay the proceedings until after the United States Judicial Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all cases filed against defendant Medtronic, Inc. related to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by defendant. The Court finds that the motion to stay should be granted to conserve judicial resources and prevent inconsistent pretrial orders pending transfer.

Accordingly, the parties' Joint Motion to Stay is **GRANTED** [Doc. 2], and all pretrial proceedings and deadlines, including the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and all other discovery and pretrial deadlines, are hereby stayed pending the United States Judicial Panel on Multidistrict Litigation's ruling on the pending motion seeking transfer of this case for coordinated and consolidated pretrial proceedings.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2008.


EXHIBIT
tabbies
T

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

TED CARTER,

                Plaintiff,

v.                                     CIVIL ACTION NO. 2:07-cv-00752

MEDTRONIC, INC.,

                Defendant.

### ORDER

Pending before the court are the defendant's Motion to Stay the proceedings until the Multidistrict Litigation Panel (MDL Panel) determines whether to consolidate pretrial proceedings [Docket 10], and the plaintiff's Motion for Hearing on the defendant's motion [Docket 13]. The defendant asks the court to exercise its supervisory power to stay the proceedings. Courts typically weigh three factors in determining whether to exercise discretionary power to stay proceedings pending the outcome of a motion to consolidate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C. D. Cal. 1997) (citations omitted).

In its motion, the defendant argues that any delay caused by a stay will be minimal because the MDL Panel has scheduled argument on the Motion to Consolidate for January 30, 2008. When the MDL Panel rules on the consolidation issue, the MDL Panel will either acquire jurisdiction or

**EXHIBIT**

U

refuse to consolidate the cases and this court will retain jurisdiction for pretrial purposes. The defendant also argues that the plaintiff will suffer little – if any – prejudice due to a delay associated with the stay. The plaintiff counters that it will suffer prejudice by any stay because it "will extend the [p]laintiff's time and expenses prosecuting this case." (Pl.'s Obj. at 3) The plaintiff also argues that class members may suffer delay in the relief sought for medical monitoring, and that "timeliness is crucial; in fact it is life or death for many." (*Id.*)

The plaintiff maintains that the defendant will suffer little prejudice if the stay is not granted. Although the parties do not identify the potential prejudice to the defendant, the court recognizes the potential duplicative cost associated with producing discovery for this case when the MDL Panel may ultimately consolidate this case with others. The court views the potential prejudice as to both parties as comparatively equal. As a result, judicial economy weighs heavily in favor of staying the proceedings in this case until the MDL Panel rules on the motion to consolidate. This result is in harmony with the common practice of staying proceedings in potential-transferor courts: "district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, *especially when such a stay would further the policies of judicial economy, efficiency*, and consistency that are deeply embedded in the federal multidistrict litigation statute." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3866.1 (3d ed. 2007) (emphasis added).

For those reasons, the defendant's motion is **GRANTED** and the plaintiff's motion is **DENIED** because the matters are sufficiently addressed in the parties' briefs. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 15, 2008

Joseph R. Goodwin, Chief Judge

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| KARIN GRAZIANI | Case No.:  CV-08-00202 (FMC (FFMx)) |
| Plaintiffs, | |
| | [PROPOSED] ORDER TO STAY PROCEEDINGS PENDING JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S DECISION ON PENDING MDL MOTIONS |
| vs. | |
| ST. JUDE MEDICAL, INC., a Minnesota Corporation; DOES 1 through 100, Inclusive, | |
| | Compl. Filed:    November 20, 2007 |
| | Trial Date:       None Set |
| Defendants. | |
| | Honorable Florence-Marie Cooper |

18
19
20
21
22
23
24
25
26
27
28

EXHIBIT

V

Case No.:  CV-08-00202 (FMC (FFMx))

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1    As set forth in the stipulation filed by Plaintiff and Medtronic, Inc., this case

2  involves allegations that defendant Medtronic, Inc.'s Sprint Fidelis Leads caused

3  injury to Plaintiff.  Over sixty lawsuits involving similar claims are pending in

4  numerous District Courts around the country.  Several plaintiffs in those cases have

5  filed pleadings with the Judicial Panel on Multidistrict Litigation requesting that an

6  MDL be formed to handle this litigation in a single District Court for the sake of just

7  and efficient resolution of common pretrial issues.  Medtronic has agreed that transfer

8  for coordinated or consolidated treatment would be appropriate, and no party has

9  opposed MDL treatment of this litigation.  The Panel has set the pending MDL

10  motions for oral argument on January 30, 2008, and the parties expect that the Panel

11  will issue an order by the end of February 2008.

12

13    Medtronic noted that twenty-one (21) other Sprint Fidelis cases pending in

14  federal court have been stayed either by agreement of the parties or order of Court

15  until after the JPML decides the pending MDL motions.  In the interest of conserving

16  judicial resources and avoiding potentially duplicative pretrial proceedings in this

17  case, the parties hereby stipulated and agreed to a stay of all proceedings in this action

18  pending the JPML's decision on pending MDL motions.  This stay includes, but is not

19  limited to, any disclosures under Rule 26 of the Federal Rules of Civil Procedures or

20  early meeting of counsel.  In addition, Plaintiff agrees that federal diversity

21  jurisdiction is appropriate in this case, and will not seek remand of this case to state

22  court at any time.

23

24    IT IS HEREBY ORDERED THAT this case shall be stayed pending the

25  outcome of the JPML's decision on the MDL motion as described above.

26
27  DATED: January 22, 2008

28  _____
Honorable Florence-Marie Cooper

Case No.:  CV-08-00202 (FMC (FFMx))    - 1 -

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1

2

3

4

H:\Graziani - Proposed order to stay proceeedigs pending mdl motions.doc

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1 | Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
2 | REED SMITH LLP
1999 Harrison St., Suite 2400
3 | Oakland, CA 94612
Telephone:    510.763.2000
4 | Facsimile:    510.273.8832
Email: sweissman@reedsmith.com;
5 | dblanton@reedsmith.com

6 | Michael K. Brown (SBN 104252)
Ginger Heyman Pigott (SBN 162908)
7 | REED SMITH LLP
355 South Grand Avenue, Suite 2900
8 | Los Angeles, CA 90071
Telephone:    213.457.8000
9 | Facsimile:    213.457.8080
Email: mkbrown@reedsmith.com;
10 | gheyman@reedsmith.com

11 | Attorneys for Defendant
Medtronic, Inc.

12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | ROSEANN MITCHELL, et al.,    Case No. 3:07-cv-6352-JCS

16 |        Plaintiffs,    **STIPULATION TO STAY PROCEEDINGS
PENDING JUDICIAL PANEL ON
17 | vs.    MULTIDISTRICT LITIGATION'S
DECISION ON PENDING MDL MOTIONS
18 | MEDTRONIC, INC., et al.,    AND STIPULATION TO HOLD EARLY
DEPOSITION** AND ORDER
19 |        Defendants.
Compl. Filed:    October 19, 2007
20 |        Trial Date:    None Set

21 |        Honorable John C. Spero

22 |

23 |

24 |

25 |

26 |

27 |

28 |

EXHIBIT
W

– 1 –

STIPULATION TO STAY PROCEEDINGS and TO HOLD EARLY DEPOSITION

1   This case involves allegations that defendant Medtronic, Inc.'s Sprint Fidelis Leads caused
2   injury to plaintiff Roseann Mitchell and her family. Over three dozen lawsuits involving similar
3   claims are pending in District Courts around the country. Several plaintiffs in those cases have filed
4   pleadings with the Judicial Panel on Multidistrict Litigation requesting that an MDL be formed to
5   handle this litigation in a single District Court for the sake of just and efficient resolution of common
6   pretrial issues. No party has opposed MDL treatment of this litigation. The Panel has set the
7   pending MDL motions for oral argument on January 30, 2008, and the parties expect the Panel will
8   issue an order by the end of February 2008.

9

10   In the interest of conserving judicial resources and avoiding potentially duplicative pretrial
11   proceedings in this case, the parties hereby stipulate and agree to a stay of all proceedings in this
12   action pending the JPML's decision on pending MDL motions. In addition, plaintiffs agree that
13   federal diversity jurisdiction is appropriate in this case, and will not seek remand of this case to state
14   court at anytime.

15

16   Further, pursuant to Federal Rule of Civil Procedure 30(a)(2)(C), the parties stipulate and
17   agree to an early deposition of plaintiff Roseann Mitchell based upon her physician's assertion that
18   she is suffering from terminal congestive heart failure and is on hospice care. Without waiving any
19   of its rights and without prejudice to its right to obtain a further deposition of plaintiff in the
20   litigation, defendant agrees to such a deposition, on a mutually agreeable date yet to be determined,
21   but in any event no earlier than January 10, 2008, on the condition that plaintiffs provide medical
22   records sufficient to allow counsel for Medtronic to adequately prepare for deposition at least ten
23   (10) days prior to the deposition. To the extent such records are not made available or unavailable,
24   the parties will meet and confer following notice from plaintiff's counsel concerning the available
25   records and timing of production of same to minimize the prejudice to defendant.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATION TO STAY PROCEEDINGS and TO HOLD EARLY DEPOSITION

1

DATED: December 21, 2007.  Respectfully submitted,

2

3            REED SMITH LLP

4            By _____

5            Sonja S. Weissman
             Dana A. Blanton

6            Attorneys for Defendant
             Medtronic, Inc.

7

8

DATED: December 21, 2007.  Respectfully submitted,

9            HERSH & HERSH

10

11           By _____

12           Rachel Abrams
            Attorneys for Plaintiffs

13

14

PURSUANT TO STIPULATION, IT IS SO ORDERED.

15

16 1/18/2008

DATED: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17

18            Honorable John C. Spero

DOCSOAK-9605649.1

19

20

21

22

23

24

25

26

27

28

STIPULATION TO STAY PROCEEDINGS and TO HOLD EARLY DEPOSITION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JAMES C. WILLIAMS,                    )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        No. 4:07-CV-2052CAS
                                      )
MEDTRONIC, INC.,                      )
                                      )
        Defendant.                    )

**ORDER**

This matter is before the Court on the parties' joint motion to stay the proceedings until after the United States Judicial Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all cases filed against defendant Medtronic, Inc. related to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by defendant. The Court finds that the motion to stay should be granted to conserve judicial resources and prevent inconsistent pretrial orders pending transfer.

Accordingly, the parties' Joint Motion to Stay is **GRANTED** [Doc. 2], and all pretrial proceedings and deadlines, including the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and all other discovery and pretrial deadlines, are hereby stayed pending the United States Judicial Panel on Multidistrict Litigation's ruling on the pending motion seeking transfer of this case for coordinated and consolidated pretrial proceedings.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2008.


EXHIBIT
X

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TED CARTER,

                    Plaintiff,

v.                                        CIVIL ACTION NO.  2:07-cv-00752

MEDTRONIC, INC.,

                    Defendant.

ORDER

Pending before the court are the defendant's Motion to Stay the proceedings until the

Multidistrict Litigation Panel (MDL Panel) determines whether to consolidate pretrial proceedings

[Docket 10], and the plaintiff's Motion for Hearing on the defendant's motion [Docket 13].  The

defendant asks the court to exercise its supervisory power to stay the proceedings.  Courts typically

weigh three factors in determining whether to exercise discretionary power to stay proceedings

pending the outcome of a motion to consolidate: "(1) potential prejudice to the non-moving party;

(2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial

resources that would be saved by avoiding duplicative litigation if the cases are in fact

consolidated." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C. D. Cal. 1997) (citations

omitted).

In its motion, the defendant argues that any delay caused by a stay will be minimal because

the MDL Panel has scheduled argument on the Motion to Consolidate for January 30, 2008.  When

the MDL Panel rules on the consolidation issue, the MDL Panel will either acquire jurisdiction or



refuse to consolidate the cases and this court will retain jurisdiction for pretrial purposes. The defendant also argues that the plaintiff will suffer little – if any – prejudice due to a delay associated with the stay. The plaintiff counters that it will suffer prejudice by any stay because it "will extend the [p]laintiff's time and expenses prosecuting this case." (Pl.'s Obj. at 3) The plaintiff also argues that class members may suffer delay in the relief sought for medical monitoring, and that "timeliness is crucial; in fact it is life or death for many." (*Id.*)

The plaintiff maintains that the defendant will suffer little prejudice if the stay is not granted. Although the parties do not identify the potential prejudice to the defendant, the court recognizes the potential duplicative cost associated with producing discovery for this case when the MDL Panel may ultimately consolidate this case with others. The court views the potential prejudice as to both parties as comparatively equal. As a result, judicial economy weighs heavily in favor of staying the proceedings in this case until the MDL Panel rules on the motion to consolidate. This result is in harmony with the common practice of staying proceedings in potential-transferor courts: "district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, *especially when such a stay would further the policies of judicial economy, efficiency*, and consistency that are deeply embedded in the federal multidistrict litigation statute." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3866.1 (3d ed. 2007) (emphasis added).

For those reasons, the defendant's motion is **GRANTED** and the plaintiff's motion is **DENIED** because the matters are sufficiently addressed in the parties' briefs. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 15, 2008


_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge

United States District Court
For the Northern District of California

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7

8       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   WILLIE WEST, and PAMELA WEST,              No. C 07-05697 WHA

11              Plaintiffs,

12       v.                                      **ORDER STAYING
                                                 PROCEEDINGS PENDING**
13   MEDTRONIC INC., MEDTRONIC PUERTO            **DECISION BY JUDICIAL PANEL**
     RICO, INC., and MEDTRONIC PUERTO            **ON MULTI-DISTRICT**
14   RICO OPERATIONS COMPANY,                    **LITIGATION**

15              Defendants.

16   _____/

17          This action will appear before the judicial panel on multi-district litigation on pending

18   motions for transfer.  In the interest of conserving judicial resources, proceedings before this

19   Court are stayed pending decision by the multi-district litigation judicial panel.

20

21       **IT IS SO ORDERED.**

22

23   Dated:  January 16, 2008.

24                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE
25

26

27
                                                
28

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHARLES R. PHILLIPS, on behalf of<br>Himself and all others similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>MEDTRONIC, INC., MEDTRONIC<br>PUERTO RICO, INC., and MEDTRONIC<br>PUERTO RICO OPERATIONS CO.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON AGREED ENLARGEMENT OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

This matter having come before the Court on the Notice of Defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (collectively, "Defendants") of an Agreed Enlargement of Time to Respond to Plaintiff's Complaint, which Notice is in the words and figures following, to-wit:

(H.I.)

And the Court, in all things being duly advised, hereby ORDERS that Defendants shall have an indefinite enlargement of time to Respond to Plaintiff's Complaint until such time as an MDL transferee court determines (if MDL treatment is granted by the Judicial Panel for Multi-District Litigation) or within such other time set by this Court (if MDL treatment is denied by the JPMDL).

DATED: _12/27/2007_____

                                         Jane Magnus-Stinson
                                         United States Magistrate Judge
                                         Southern District of Indiana



EXHIBIT
**AA**

Copies to:    Kevin R. Knight, Michael C. Steele
              Irwin B. Levin, Richard E. Shevitz, Elizabeth J. Doepken

I/2057225.1

**Subject:** FW: Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order on Motion to Stay

**From:** prd_docketing@prd.uscourts.gov [mailto:prd_docketing@prd.uscourts.gov]
**Sent:** Tuesday, November 13, 2007 2:23 PM
**To:** prd_docketing@prd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order on Motion to Stay

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail
because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid
later charges, download a copy of each document during this first viewing.

United States District Court

District of Puerto Rico

**Notice of Electronic Filing**

The following transaction was entered on 11/13/2007 at 4:22 PM AST and filed on 11/13/2007

**Docket Text:**
ORDER denying without prejudice [19] Motion to Stay . At this time, the court expects plaintiffs to comply with the
court's order (Docket No. 18). Defendants need not do anything until the date specified therein. Once the court receives
plaintiff's informative motion due on 12/15/07 it will entertain any renewed requests for a stay, if by then the MDL panel
has not yet made a decision. Signed by Judge Gustavo A. Gelpi on 11/13/07. (Gelpi, Gustavo)

**3:07-cv-1969 Notice has been electronically mailed to:**
John F. Nevares jfnevares-law@microjuris.com, jfnevareslaw@gmail.com
Eric M. Quetglas-Jordan quetglaslaw@hotmail.com, eric@quetglaslaw.com
Jose F. Quetglas quetglaslaw@hotmail.com
Raul M. Arias-Marxuach rma@mcvpr.com, usdc@mcvpr.com
PHV Jerrold S. Parker jerry@yourlawyer.com
PHV Daniel Becnel, Jr dbecnel@becnellaw.com
PHV Matthew B. Moreland mmoreland@becnellaw.com
PHV Richard J. Arsenault rarsenault@nbalawfirm.com
PHV Elizabeth J. Cabraser ecabraser@lchb.com
PHV Nicholas J. Drakulich Jenndrak@sbcglobal.net
PHV Wendy Fleishman wfleishman@lchb.com
PHV Daniel E. Gustafson dgustafson@gustafsongluek.com

**3:07-cv-1969 Notice has been delivered by other means to:**

EXHIBIT
BB

12/27/2007

**From:** prd_docketing@prd.uscourts.gov
**Sent:** Thursday, December 20, 2007 5:13 PM
**To:** prd_docketing@prd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### District of Puerto Rico

## Notice of Electronic Filing

The following transaction was entered on 12/20/2007 at 6:12 PM AST and filed on 12/20/2007
**Case Name:**      Russell-Nelson et al v. Medtronic, Inc. et al
**Case Number:**   3:07-cv-1969
**Filer:**
**Document Number:** 78(No document attached)

**Docket Text:**
ORDER, Set Deadlines **Discovery (Plaintiffs' Initial Disclosures) due by 1/23/2008.**The defendant's Renewed Motion to Stay (Docket No. 67) is Denied at this time. Plaintiffs shall submit complete Rule 26 initial disclosures to defendant by the above deadline. Once this occurs, plaintiffs shall so inofrm the court and the court will direct defendant accordingly. Plaintiffs must certify that they have complied in full with Rule 26. Signed by Judge Gustavo A. Gelpi on 12/20/07. (Gelpi, Gustavo)

**3:07-cv-1969 Notice has been electronically mailed to:**
John F. Nevares jfnevares-law@microjuris.com, jfnevareslaw@gmail.com
Eric M. Quetglas-Jordan quetglaslaw@hotmail.com, eric@quetglaslaw.com
Nestor Duran-Gonzalez nd@mcvpr.com, usdc@mcvpr.com
Jose F. Quetglas quetglaslaw@hotmail.com
Raul M. Arias-Marxuach rma@mcvpr.com, usdc@mcvpr.com
PHV Jerrold S. Parker jerry@yourlawyer.com
PHV Daniel Becnel, Jr dbecnel@becnellaw.com
PHV Matthew B. Moreland mmoreland@becnellaw.com
PHV Elizabeth J. Cabraser ecabraser@lchb.com
PHV Wendy Fleishman wfleishman@lchb.com
PHV Charles S. Zimmerman csz@zimmreed.com



PHV Rebecca Bedwell-Coll rbcoll@lchb.com
PHV Fred Thompson, III fthompson@motleyrice.com
PHV Rhett D. Klok rklok@motleyrice.com

**3:07-cv-1969 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81094-CIV-DIMITROULEAS

LEROY COFFEE, on behalf of himself and
all others similarly situated,

Magistrate Judge Rosenbaum

     Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and MEDTRONIC
PUERTO RICO OPERATIONS CO.,

     Defendants.

_____/

### ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

     THIS CAUSE is before the Court upon the Defendant Meditronic, Inc's Motion to Stay

All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on

Pending Motions for Transfer [DE 8]. The Court has carefully considered this Motion, and is

otherwise fully advised in the premises.

     On November 20, 2007, the Court entered an Order Requiring Counsel to Meet, File Joint

Scheduling Report and Joint Discovery Report [DE 3]. In the present Motion, the Defendants

move for an order relieving the parties from having to meet the requirements of the Court's

November 20, 2007 Order, and staying this action until the MDL hears motions on this case on

January 30, 2008. As grounds for this motion the Defendants assert that they expect the MDL

Panel to assemble and issue a conditional transfer order with respect to this action. However, as

of the date of this Order no such conditional transfer order has been filed with this Court, and an

MDP Panel has yet to even be assembled.

EXHIBIT

**DD**

Accordingly it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Stay

All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on

Pending Motions for Transfer [DE 8] is hereby **DENIED without prejudice** to be renewed if the

MDL Panel issues a conditional transfer order in this matter.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 2nd day of January, 2008.

                            WILLIAM P. DIMITROULEAS
                            United States District Judge

Copies furnished to:

C. Brooks Cutter, Esq.
David E. Smith, Esq.
Stuart C. Talley, Esq.
Theodore Babbitt, Esq.
Nancy J. Stewig, Esq.

**STATE OF MINNESOTA**                                    **DISTRICT COURT**

**COUNTY OF HENNEPIN**                           **FOURTH JUDICIAL DISTRICT**
                                                                              **Case Type: Civil**

Shirley Bebeau, on her behalf
and on behalf of all others
similarly situated                                              Case No.: 27-CV-07-22446
                                    Plaintiff,

        v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co.,

        Defendants.

---

### (PROPOSED) ORDER GRANTING MEDTRONIC'S MOTION TO CONTINUE COURT'S DEADLINES UNTIL AFTER A DECISION BY THE JOINT PANEL ON MULTIDISTRICT LITIGATION ON PENDING MOTIONS FOR TRANSFER

---

IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

1.     Medtronic's Motion to Continue Court's Deadlines Until After a

Decision By the Joint Panel on Multidistrict Litigation on Pending Motions

for Transfer is GRANTED in its entirety.  All scheduled hearings and all

pending deadlines for filing of an answer and/or responsive pleadings and

service of discovery or automatic disclosures under Minn. R. Civ. P. 26

shall be stayed until after the Pending JPML Motions are decided by the

JPML.



So Ordered, this ____ day of November, 2007.

_____
DENISE REILLY
District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUSSELL NELSON, et al., | Civil No. 07- 1969 (GAG) |
| | (Lead Case) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants. | |
| DAVID WOOD, | Civil No. 07-1971 (GAG) |
| | (Member Case) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants. | |
| FREDERICK SANTITORO, et al., | Civil No. 07- 1972 (GAG) |
| | (Member Case) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants. | |
| NORMAN BLACK, et al., | Civil No. 07-2014 (GAG) |
| | (Member Case) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants. | |
| GILBERTO COLON-PEREZ, et al., | Civil No. 07-2021 (GAG) |
| | (Member Case) |
| Plaintiffs, | |
| v. | |
| MEDTRONIC, INC., et al., | |
| Defendants. | |



EXHIBIT

FF

| | |
|---|---|
| WILLIAM STORMS,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., et al.,<br><br>    Defendants. | Civil No. 07- 2049 (GAG)<br>(Member Case) |
| GERALD PHAUP, Jr.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., et al.,<br><br>    Defendants. | Civil No. 07-2050 (GAG)<br>(Member Case) |
| CARLOS MILAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., et al.,<br><br>    Defendants. | Civil No. 07- 2064 (GAG)<br>(Member Case) |
| CRUZ REYES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., et al.,<br><br>    Defendants. | Civil No. 07-2128 (GAG)<br>(Member Case) |
| DIEGO MALDONADO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., et al.,<br><br>    Defendants. | Civil No. 07-2135 (GAG)<br>(Member Case) |

| | |
|---|---|
| DON BAILEY, et. al., | Civil No. 07- 2161 (GAG) |
|     Plaintiffs, | (Member Case) |
| v. | |
| MEDTRONIC, INC., et al., | |
|     Defendants. | |
| DOMINICK BARBERA, | Civil No. 07-2162 (GAG) |
|     Plaintiffs, | (Member Case) |
| v. | |
| MEDTRONIC, INC., et al., | |
|     Defendants. | |
| CHESTER V. SMITH, Jr., | Civil No. 07- 2163 (GAG) |
|     Plaintiffs, | (Member Case) |
| v. | |
| MEDTRONIC, INC., et al., | |
|     Defendants. | |

## MOTION IN COMPLIANCE WITH ORDER (DOCKET 78 ON CASE 07-1969)

TO THE HONORABLE COURT:

NOW INTO COURT, through the undersigned counsel, come plaintiffs in the cases at bar. On December 20th, 2007 this Honorable Court issued an Order requiring Plaintiffs in the consolidated cases to complete Rule 26 initial disclosures to defendants by January 23rd, 2008. Once this occurred, plaintiffs were to inform the Court, so that it may direct the defendant accordingly. Plaintiffs certify that they have complied with the ruling of this Honorable Court by sending copies of the Initial Disclosures to Counsel for the Defense at the offices of McConell Valdés via e-mail and fax.

**WHEREFORE** Plaintiffs respectfully request from this Honorable Court that it take notice of the foregoing and find Plaintiffs in the consolidated cases to be in compliance with the Order issued on December 20th, 2007 (Docket No. 78 filed on case 07-1969).

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Raúl M. Arias Marxuach, Esq., rma@mcvpr.com.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 20th of
December, 2007

By: *s/ John F. Nevares*
John F. Nevares
USDC-PR 130502

JOHN F. NEVARES & ASSOCIATES, P.S.C
VIG Building
1225 Ponce de Leon Avenue
Suite 1504
San Juan, PR 00907-3944
Telephone: (787) 722-9333
Email: jfnevares-law@microjuris.com,
jfnevareslaw@gmail.com

Camilo K. Salas, III
SALAS & CO., LC
650 Poydras Street
Suite 1660
New Orleans, LA 70130
Telephone: (504) 799-3080

4

Email: csalas@salaslaw.com

Wendy R. Fleishman
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY  10017-2024
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

Matthew B. Moreland
Becnel Law Firm, LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
E-mail: mmoreland@becnellaw.com

*Attorneys for Plaintiffs*