**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RICHARD SHADWICK,    )
           )
    Plaintiff,    )
           )
v.           )   Civil Action No. 1:08-cv-00128 (CKK)
           )
MEDTRONIC, INC.,    )
           )
    Defendant.   )

<u>**NOTICE OF ERRATA**</u>

Defendant Medtronic, Inc. ("Medtronic"), by and through undersigned counsel, hereby files a corrected set of Exhibits A through FF to Defendant's Consent Motion to Stay All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer ("Motion"), electronically filed on January 25, 2008 (docket entry # 4). This corrected set of exhibits includes two exhibits that were erroneously omitted and substitutes two exhibits that were improperly included in the original filing.  All exhibits now correspond correctly to the citations in the Motion, which was properly filed and is not being re-filed.

Accordingly, Medtronic respectfully requests that the Court strike Exhibits A through FF filed with the Motion at docket entry # 4, and substitute the attached corrected set of exhibits.

DATED:  January 29, 2008     Respectfully submitted,

             By: /s/ David M. Gossett_____
             David M. Gossett
             MAYER BROWN LLP
             1909 K Street, N.W.
             Washington, D.C. 20006-1101
             dgossett@mayerbrown.com
             (202) 263-3000 (t)
             (202) 263-3300 (f)

             *Attorneys for Defendant Medtronic, Inc.*

**CERTIFICATE OF SERVICE**

I, David M. Gossett, an attorney, certify that I caused a copy of the attached Notice of

Errata to be served via the CF/ECF service, on January 29, 2008, upon the following:

> Aaron M. Levine
> Steven J. Lewis
> AARON M. LEVINE & ASSOCIATES
> 1320 19th Street, N.W., Suite 500
> Washington, D.C. 20036

> /s/ David M. Gossett_____
> David M. Gossett

Case 9:07-cv-81067-KAM    Document 2    Entered on FLSD Docket 02/07/2007    Page 1 of 20

Case 3:07-cv-01969-GAG    Document 19-2    Filed 11/07/2007    Page 1 of 20

EXHIBIT
A

'RECEIVED
CLERK'S OFFICE

2007 OCT 17  A  8: 43

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re MEDTRONIC SPRINT FIDELIS
LEADS PRODUCTS LIABILITY
LITIGATION

MDL Docket No. _____

MOTION OF PLAINTIFFS FREDERICK SANTITORO AND RICHARD KINNEY FOR
TRANSFER AND CONSOLIDATION OF RELATED ACTIONS
PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel

on Multidistrict Litigation, Plaintiffs Frederick Santitoro and Richard Kinney ("Movants"), on

behalf of themselves and all others similarly situated, hereby respectfully move the Judicial

Panel on Multidistrict Litigation (the "Panel") for an order:  (a) transferring the virtually identical

putative class and other actions against Medtronic, Inc., Medtronic Puerto Rico, Inc., and

Medtronic Puerto Rico Operations Co., Inc., (hereinafter collectively referred to as "Medtronic"),

pending before the District of Puerto Rico and the District of Minnesota, as well as any other

cases that may subsequently be filed asserting similar or related claims, to a single United States

district court; and (b) centralizing those actions for coordinated pretrial proceedings.

In support of the transfer and coordination of the actions, Movants aver the following, as

more fully set forth in the accompanying supporting Memorandum:

1.  Movants are the plaintiffs in *Santitoro v. Medtronic, Inc.*, Case No. 07-cv-01972-JAG (the "*Santitoro*" action). A copy of Movants' Complaint is attached hereto as Exhibit A. The *Santitoro* action was filed on October 15, 2007. Plaintiffs assert that they had defective Medtronic Sprint Fidelis leads implanted with their implantable defibrillators, which failed. Plaintiffs also allege that the Sprint Fidelis leads, including the Sprint Fidelis leads currently implanted in Mr. Santitoro, require monitoring. Plaintiffs seek classwide injunctive and equitable relief, notice and damages as a result of Medtronic's negligence and misrepresentations in connection with the design, manufacture, promotion, distribution, and sale of the Sprint Fidelis leads.

2.  In addition to the *Santitoro* action, there are at least three other related actions asserting substantially similar claims and seeking almost identical relief have been initiated in the United States District Court for the District of Minnesota and the United States District Court for the District of Puerto Rico:

    a.  *Wood v. Medtronic, Inc.*, Case No. 07-cv-01971-JAG (D. P.R.) (the "*Wood*" action), was filed in the United States District Court for the District of Puerto Rico on October 16, 2007. A copy of the *Wood* Complaint is attached hereto as Exhibit B.

    b.  *Luisi v. Medtronic, Inc.*, Case No. 07-cv-04250-RHK-JSM (D. Minn.) (the "*Luisi*"action) was filed in the United Stated District Court for the District of Minnesota on October 15, 2007. A copy of the *Luisi* Complaint is attached hereto as Exhibit C.

2

c.   *Nelson v. Medtronic, Inc.*, Case No. 07-1969-JAG (D. P.R.) (the "*Nelson*"

action) was filed in the United States District Court for the District of

Puerto Rico on October 15, 2007. A copy of the *Nelson* Complaint is

attached hereto as Exhibit D.

3.   The *Santitoro, Wood, Luisi* and *Nelson* actions allege virtually identical claims

under the laws of product liability, breach of warranty, negligence, and medical

monitoring, to name a few.

4.   As required by 28 U.S.C. §1407(a), the cases proposed for transfer and

coordination "involve one or more common questions of fact," inasmuch as they

are premised on virtually identical factual allegations with respect to Defendants'

conduct and the resulting harm to consumers, specifically, that Defendants

developed, manufactured, marketed, distributed, and sold more than 200,000

Sprint Fidelis lead systems which have resulted in numerous reports of failure, a

recall, and at least five deaths.

5.   The proposed transfer and coordination "will be for the convenience of parties and

witnesses and will promote the just and efficient conduct" of these actions. 28

U.S.C. §1407(a). For example, one judge can establish a single case management

order for pretrial matters in the related actions which will allow all parties and

counsel to participate in conferences, hearings, depositions, document production,

other written discovery, and any other appropriate pre trial discovery without

unnecessary duplication of effort, expenditure of court and party resources, and

imposition on witnesses. Coordination will also eliminate the risk of inadvertent

3

and potentially problematic inconsistent rulings on pretrial motions which may occur if the related actions remain uncoordinated and pending before different courts. Consequently, the savings in time and expense that will result from coordination will benefit the Plaintiffs, the Defendants, and the judicial system.

6.    Additional complaints will undoubtedly be filed containing similar allegations against Defendants. As a result, recommending an appropriate forum at this time may be premature. Movants therefore reserve the right to supplement this Motion in the future to suggest an appropriate forum based on applicable factors including, but not limited to, the ultimate number and location of pending cases, the preference of the parties, the convenience of geographical locations, judicial experience of the potential transferee courts, the efficiency of the potential transferee courts' dockets, and whether a "center of gravity" exists for this litigation. Movants will supplement this Motion once it becomes clear that a particular forum satisfies these requirements.

7.    This Motion is based on the Memorandum filed by Movants in support of this Motion, the pleadings and papers filed herein, and such other matters as may be presented to the Panel at the time of any hearing.[1]

---

[1] In compliance with Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movants have simultaneously delivered copies of this Motion and supporting papers to the Clerk of each district in which the related actions are pending. The cover letters to the clerks have been attached hereto as Exhibit E.

Dated:  October 17, 2007                    Respectfully submitted,


                                            _____
                                            Silvija A. Strikis

                                            Kellogg, Huber, Hansen, Todd, Evans &
                                            Figel, P.L.L.C.
                                            1615 M Street, N.W., Suite 400
                                            Washington, D.C. 20036-3209
                                            Tel:  (202) 326-7900

                                            John F. Nevares
                                            John F. Nevares & Associates, P.S.C.
                                            Caso Building
                                            1225 Ponce de Leon Avenue, Suite 1500
                                            San Juan, P.R. 00907-3944
                                            Tel:  (787) 722-9333

                                            Camilo K. Salas, III
                                            Salas & Co., LC
                                            650 Poydras Street, Suite 1660
                                            New Orleans, L.A. 70130
                                            Tel:  (504) 799-3080

                                            Daniel E. Gustafson
                                            Gustafson Gluck P.L.L.C.
                                            650 Northstar East
                                            608 Second Avenue South
                                            Minneapolis, M.N. 55402
                                            Tel:  (612) 333-8844

                                            Elizabeth Cabraser
                                            Lieff, Cabraser, Heimann & Bernstein, L.L.P.
                                            275 Battery Street, 30th Floor
                                            San Francisco, C.A. 94111-3339
                                            Tel:  (415) 965-1000

                                            Wendy Fleishman
                                            Lieff, Cabraser, Heimann & Bernstein, L.L.P.
                                            780 Third Avenue, 48th Floor
                                            New York, N.Y. 10017
                                            Tel: (212) 355-9500

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
Tel: (856) 663-8200

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, L.A. 71309-1190
Tel: (800) 256-1050

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney L.L.P.
113 East 37th Street
New York, NY 10016-3042
Tel: (212) 684-1880

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, C.A. 92018
Tel: (858) 755-5887

**Counsel for Plaintiffs Frederick Santitoro
and Richard Kinney**

RECEIVED
CLERK'S OFFICE

2007 OCT 17 A 8: 44

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re MEDTRONIC SPRINT FIDELIS
LEADS PRODUCTS LIABILITY
LITIGATION

MDL Docket No. _____

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS FREDERICK
SANTITORO AND RICHARD KINNEY FOR TRANSFER AND CONSOLIDATION OF
RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel

on Multidistrict Litigation, Frederick Santitoro and Richard Kinney ("Movants"), Plaintiffs in

*Santitoro v. Medtronic, Inc.*, Case No. 07-cv-1972-JAG, on behalf of themselves and all others

similarly situated, submit this Memorandum of law supporting their Motion for Transfer and

Consolidation of All Related Actions. For the reasons stated below, Movants respectfully

request that the Judicial Panel on Multidistrict Litigation (the "Panel") enter an order transferring

all related actions to a single United States district court and centralizing those actions for

coordinated pretrial proceedings.

## I.    BACKGROUND

In March 2007, Defendant Medtronic, Inc. issued an advisory to physicians relating to

Sprint Fidelis leads developed and/or manufactured by Medtronic, Inc., with and through its

subsidiaries Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., Inc. (hereinafter collectively referred to as "Medtronic"). According to Medtronic, approximately 268,000 Sprint Fidelis lead systems have been sold and implanted in heart patients across the nation and worldwide.

Medtronic's March 2007 advisory advised physicians of "the higher than expected conductor fracture rates in . . . Sprint Fidelis leads." Medtronic stated that "variables within the implant procedure may contribute significantly to these fractures," and suggested that the Sprint Fidelis leads could "severely bend" or "kink" if they are implanted using certain accepted implant techniques. Thereafter, on October 15, 2007, Medtronic recalled all non-implanted Sprint Fidelis leads, citing issues with lead fractures that had apparently resulted in five deaths.

In light of this advisory, Movants, individually and on behalf of a proposed class, filed an action in the District of Puerto Rico on October 16, 2007, against Medtronic alleging, among other things, that Medtronic designed, manufactured, marketed, distributed, and/or sold Sprint Fidelis leads that are defective, that Medtronic concealed knowledge of the defect for some period before the March 2007 advisory and October 2007 recall, and that as a direct and proximate result of the defective products being placed into the stream of commerce by Medtronic, Movants and members of the class suffered and will continue to risk possible death, severe injury, and disability including physical and mental pain and suffering, as well as economic losses.

To date, three other related actions have been filed in the United States District Court for the District of Puerto Rico and the United States District Court for the District of Minnesota. The actions all name Medtronic as Defendants and assert substantially similar claims and seek

2

almost identical relief. The first such action is entitled *Wood v. Medtronic, Inc.*, Case No. 07-cv-01971-JAG (D. P.R.) (the "*Wood*" action). The second action is entitled *Luisi v. Medtronic, Inc.*, Case No. 07-cv-04250-RHK-JSM (D. Minn.) (the "*Luisi*" action). The third additional action is captioned *Nelson v. Medtronic, Inc.*, Case No. 07-1969-JAG (D. P.R.).

Transfer and coordination of these four actions is appropriate because they involve common factual questions, transfer will further the convenience of the parties and witnesses, and coordination will promote the just and efficient conduct of these actions.

II.   **ARGUMENT**

A.   **Transfer of All Affected Medtronic Sprint Fidelis Lead Cases for Coordinated Pretrial Proceedings Will Further the Goals of Section 1407**

Section 1407 authorizes the transfer of civil actions in different federal district courts to a single federal district court for coordinated or consolidated pretrial proceedings so long as this Panel determines that all the cases involve common questions of fact, and that the transfer will serve the convenience of the parties and witnesses, and will promote just and efficient litigation.[1]

The requirements for transfer under Section 1407 are satisfied here. The four related actions involve common questions of fact, including:

---

[1] Section 1407(a) provides in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the [J]udicial [P]anel on [M]ultidistrict [L]itigation authorized by this [S]ection upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. §1407.

1.  whether Medtronic's manufacturing of the Sprint Fidelis lead devices rendered the product defective;

2.  whether Medtronic was negligent in the way in which the Sprint Fidelis leads were manufactured;

3.  whether the Sprint Fidelis leads, which were designed, developed, manufactured, distributed, fabricated, supplied, advertised, promoted and/or sold by Medtronic had a defect(s);

4.  the nature of said defect(s);

5.  whether Medtronic conducted testing on the Sprint Fidelis leads necessary to determine their safety prior to selling and/or distributing them;

6.  whether said testing was adequate and responsible;

7.  whether Medtronic accurately reported said test results;

8.  whether Medtronic failed to provide adequate warnings concerning the Sprint Fidelis leads;

9.  whether the warnings, if any, given by Medtronic were reasonable in light of what Medtronic knew or should have known;

10. whether Medtronic's failure to give adequate and timely warning of the dangers of the Sprint Fidelis leads constitutes negligence *per se*;

11. whether Medtronic breached express or implied warranties in conjunction with the design, development, manufacture, fabrication, marketing, sale and/or distribution of the Sprint Fidelis leads;

4

12.    whether Medtronic concealed adverse information from Plaintiffs and the class regarding the testing and safety of the Sprint Fidelis leads;

13.    what steps, if any, Medtronic took to cure the defects in the Sprint Fidelis leads after Medtronic knew of the defects and of the injuries and risk associated with their use;

14.    whether Medtronic is strictly liable to those injured by the defective Sprint Fidelis leads;

15.    whether Medtronic's Sprint Fidelis leads were of merchantable quality and safe for their intended use;

16.    whether Medtronic made any express representations about the Sprint Fidelis leads;

17.    whether Medtronic's manufacturing process was negligent;

18.    whether Medtronic actively concealed the defects in the Sprint Fidelis leads and the risk of serious injury that could result; and

19.    what the proper mechanism is for assessing and awarding damages and administering other relief, including relief to reduce the threat of future harm.

Given the numerous common questions of fact and law involved in all of these cases, coordination is appropriate and will benefit all parties. In addition to significant financial savings, transfer and coordination will promote the convenience of the parties and efficiency during pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

Generally, common questions are presumed "when two or more complaints assert comparable allegations against identical defendants base[d] on similar transactions and events." *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981). All of the actions proposed for transfer and coordination allege nearly identical violations of law, including those of product liability, breach of warranty, negligence and emotional distress, by the same Defendants, and are based on the same underlying facts from the same time period.

Because common issues of fact and law are shared by all of the related cases, discovery and pretrial motion practice in each action will almost certainly be duplicated if the actions are not coordinated. Coordination will therefore avoid redundant and costly discovery proceedings, including repetitive motion practice and potentially conflicting discovery and other pre-trial rulings. *See In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings"); *see also In re Multi Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (same).

Similarly, because these actions seek to represent the same or overlapping classes of persons who have been implanted with the same allegedly defective Sprint Fidelis lead systems, transfer for coordination will also help to avoid potential conflicting or inconsistent rulings on class certification issues. The transferee court is authorized to decide all class certification issues. *See In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("As the Panel has held in several past litigations, matters concerning class

6

action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency."). Further, allowing the transferee court to make all decisions relating to class certification will eliminate any potential for conflicting rulings. *See In re Cement and Concrete Antitrust Litig.*, 437 F. Supp. 750, 752 (J.P.M.L. 1977) (transfer and consolidation are necessary to prevent inconsistent class certification rulings). For all the aforementioned reasons, transfer and coordination are appropriate and will promote the just and efficient conduct of these actions.

**B.     Movants Reserve the Right To Supplement This Motion To Suggest an Appropriate Forum**

Additional complaints will undoubtedly be filed containing similar allegations against Defendants. As a result, recommending an appropriate forum at this time may be premature. Movants therefore reserve the right to supplement this Motion in the future to suggest an appropriate forum based on applicable factors including, but not limited to, the ultimate number and location of pending cases, the preference of the parties, the convenience of geographical locations, judicial experience of the potential transferee courts, the efficiency of the potential transferee courts' dockets, and whether a "center of gravity" exists for this litigation. Movants will supplement this Motion once it becomes clear that a particular forum satisfies these requirements.

**III.     CONCLUSION**

Transfer and coordination of these four actions, and any other subsequently filed related cases, for pretrial proceedings will serve the interests of justice by providing a single forum in which the legal rights of class members can be adjudicated. For the foregoing reasons, Movants

respectfully request that the Panel order that the related actions be transferred to a single United

States district court; and centralize those actions for coordinated pretrial proceedings.  Movants

reserve their rights to supplement this Motion to suggest an appropriate forum once additional

related actions have been filed.

Dated:  October 17, 2007                              Respectfully submitted,

                                                     Silvija A. Strikis

                                                     Kellogg, Huber, Hansen, Todd, Evans &
                                                     Figel, P.L.L.C.
                                                     1615 M Street, N.W., Suite 400
                                                     Washington, D.C. 20036-3209
                                                     Tel:  (202) 326-7900

                                                     John F. Nevares
                                                     John F. Nevares & Associates, P.S.C.
                                                     Caso Building
                                                     1225 Ponce de Leon Avenue, Suite 1500
                                                     San Juan, P.R. 00907-3944
                                                     Tel:  (787) 722-9333

                                                     Camilo K. Salas, III
                                                     Salas & Co., LC
                                                     650 Poydras Street, Suite 1660
                                                     New Orleans, L.A. 70130
                                                     Tel:  (504) 799-3080

                                                     Daniel E. Gustafson
                                                     Gustafson Gluek P.L.L.C.
                                                     650 Northstar East
                                                     608 Second Avenue South
                                                     Minneapolis, M.N. 55402
                                                     Tel:  (612) 333-8844

                                                     Elizabeth Cabraser
                                                     Lieff, Cabraser, Heimann & Bernstein, L.L.P.
                                                     275 Battery Street, 30th Floor

8

San Francisco, C.A. 94111-3339
Tel: (415) 965-1000

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, L.L.P.
780 Third Avenue, 48th Floor
New York, N.Y. 10017
Tel: (212) 355-9500

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
Tel: (856) 663-8200

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, L.A. 71309-1190
Tel: (800) 256-1050

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney L.L.P.
113 East 37th Street
New York, NY 10016-3042
Tel: (212) 684-1880

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, C.A. 92018
Tel: (858) 755-5887

**Counsel for Plaintiffs Frederick Santitoro
and Richard Kinney**

9

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re MEDTRONIC SPRINT FIDELIS
LEADS PRODUCTS LIABILITY
LITIGATION

MDL Docket No. _____

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of October 2007, I caused copies of the Motion of Plaintiffs Frederick Santitoro and Richard Kinney for Transfer and Consolidation of Related Actions 28 U.S.C. § 1407 to be served on the following parties by U.S. first-class mail unless otherwise indicated:

United States District Court for the District of Minnesota
(Via Federal Express Next Day Delivery)

Clerk of the Court
United States District Court for the District of Minnesota
764 Federal Building
316 N. Robert Street
St. Paul, MN 55101

United States District Court for the District of Puerto Rico
(Via Federal Express Next Day Delivery)

Clerk of the Court
United States District Court for the District of Puerto Rico
Clemente Ruiz-Nazario U.S. Courthouse
& Federico Degetau Federal Building
150 Carlos Chardon Street
Hato Rey, PR 00918

Counsel for Plaintiffs Kelly Luisi and Len
Stavish

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel for Plaintiffs Russell Nelson,
George and Annabelle Anastas, and Donald
and Misty Tucker

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel for Plaintiffs Frederick Santitoro          John F. Nevares
and Richard Kinney                                  John F. Nevares & Associates, P.S.C.
                                                    Caso Building
                                                    1225 Ponce de Leon Avenue, Suite 1500
                                                    San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Elizabeth Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Wendy Fleishman
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017

Seth R. Lesser
Locks Law Firm
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71309-1190

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik &
McCartney LLP
113 East 37th Street
New York, NY 10016-3042

Nicholas J. Drakulich
The Drakulich Firm, A Professional Law
Corporation
2727 Camino del Rio South, Suite 322
San Diego, CA 92018

Counsel Plaintiff David Wood

John F. Nevares
John F. Nevares & Associates, P.S.C.
Caso Building
1225 Ponce de Leon Avenue, Suite 1500
San Juan, PR 00907-3944

Camilo K. Salas, III
Salas & Co., LC
650 Poydras Street, Suite 1660
New Orleans, LA 70130

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084

Jerrold Parker
Parker Wachman Alonzo LLP
111 Great Neck Road
Great Neck, NY 11021

Mark P. Robinson, Jr.
Robinson, Calcagnie and Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660

Defendants Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic Puerto
Rico Operations Co.

710 Medtronic Parkway
Minneapolis, MN 55432-5604

_Silvija A. Strikis_

Silvija A. Strikis

Kellogg, Huber, Hansen, Todd, Evans &
Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, DC 20036-3209



BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION


IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION


### MOTION TO TRANSFER AND CONSOLIDATE
### PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445


Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Jaun; Section: "JAG"

Now into Court, through undersigned counsel, come the plaintiff in the case entitled *David
Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and
Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan
Division, C.A. 07-1971 , Sect. "JAG",* and who, through their undersigned counsel, move the Judicial

Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407, to

transfer and consolidate the cases listed in the attached Schedule of Actions Involved, these actions

concern consumer claims and personal injury claims arising from Medtronic's Leads that either required the replacement of the leads, or caused heart related injuries and/or death.

Plaintiff prays that the Panel transfer and consolidate the cases referenced in the attached Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial proceedings.

1.

Movants are consumers who sustained economic damages and/or personal injuries by the implantation and failure of Medtronic Leads in their heart devices which was manufactured by the defendants herein.

2.

Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co., Inc. are the wholly owned subsidiaries of Medtronic, Inc. and formulated, developed, manufactured and sterilized the devices at issue in this lawsuit.

3.

This lawsuit seeks recovery for patients who have been implanted with Sprint Fidelis leads marketed by Medtronic under the model numbers: the 6949 LFJ extendable/retractable screw fixation (S) model; the 6948 LFH tuned fixation (T) model; the 6931 LFT S fixation; and the 6930 LFK T fixation.

4.

Plaintiff has alleged that Medtronic Leads are unreasonably dangerous because of their propensity to cause heart related events.

### 5.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

### 6.

Plaintiff herein are aware of additional lawsuits which have been filed thus far, as indicated below: Lawsuits bearing case numbers: 07-1969 and entitled *George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Puerto Rico, Section: "GAG", filed 10/15/07; 07-4250 and entitled *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "RHK", filed 10/15/07; 07-1972 and entitled *Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Puerto Rico, Section: "JAG", filed 10/16/07; and, 07-4270 and entitled *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the

United States District Court for the District of Minnesota, Section: "PAM" filed 10/16/07.

7.

Plaintiffs anticipate that many additional lawsuits involving Medtronic Leads will be filed throughout the country.

8.

Plaintiff strongly urges transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.

9.

As noted above and in the Schedule of Actions Involved, undersigned counsel is presently aware of at least four actions subject to federal jurisdiction filed thus far. These are presently pending in the U.S.D.C. for the District of Puerto Rico and the District of Minnesota. Plaintiff respectfully suggests that all related cases be transferred to and consolidated in the District of Puerto Rico and alternatively in the Northern District of California. Furthermore, plaintiff suggests that these cases be assigned to Judge Gustavo A. Gelpi or Judge Jay A. Garcia-Gregory in the District of Puerto Rico. Alternatively, should the Court a lot the case to the Northern District of California,

Plaintiff suggests the case be assigned to Judge Susan Illston.  Judge Illston also has experience and expertise in handling MDL cases.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matthew B. Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION


IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY          MDL DOCKET NO:
LITIGATION


**MEMORANDUM IN SUPPORT OF**
**MOTION TO TRANSFER AND CONSOLIDATE**
**PURSUANT TO 28 U.S.C. Sec. 1407**

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445


Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"

1

MAY IT PLEASE THE COURT:

Plaintiffs in the case entitled *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc.,*
*Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C.,*
*District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG",* respectfully move the
Judicial Panel on Multidistrict Litigation for an Order pursuant to 28 U.S.C. Sec. 1407, to transfer
and consolidate the cases listed in the attached Schedule of Actions Involved, such actions
concerning consumer claims and personal injury claims stemming from implantation of Medtronic's
Leads.

## A.   BACKGROUND OF THE LITIGATION

The various litigations involved herein arose as a result of Medtronic Sprint Fidelis leads
fracturing.  These leads were researched, developed, marketed, promoted, advertised, sold, and
distributed by Medtronic, Inc. to be used in connection with ICDs. These Sprint Fidelis leads were
developed and manufactured by Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations
Co., then advertised, promoted, marketed and sold pursuant to direction by Medtronic, Inc.  The
Sprint Fidelis leads were approved for sale by the United States Food and Drug Administration (the
"FDA") in September 2004 and have been implanted in over 160,000 patients worldwide.
Medtronic further represented that the Sprint Fidelis leads were based on the "proven" design of the
Quattro leads.  The Models 6949 and 6948 have two high voltage coils; the 6930 and 6931 models
have a single right ventricular high voltage coil. As of January 2007, approximately 144,311 model
6949 Sprint Fidelis leads, 7510 model 6948 leads, 5387 model 6931 leads, and 236 model 6930
leads had been implanted. The Minneapolis Heart Institute study compared the actuarial survival of

-2-

the 583 Sprint Fidelis Model 6949 leads implanted at the Minneapolis Heart Institute to the survival

of 285 Sprint Quattro Model 6947 leads implanted at the Institute between November 2001 and

March 2007. The difference in survival between the Sprint Fidelis Model 6949 lead and the Sprint

Quattro Secure Model 6947 lead was extremely significant. The failure rate for the Sprint Fidelis

Model 6949 lead was 1-2% during the first two years of implant and was ten times greater than the

failure rate for the Sprint Quattro Secure Model 6947 lead. *Early Failure*, p. 893-8942.

In a USA Today article printed October 16, 2007, based on information released on October

15, 2007, Medtronic was reported as stating that Fidelis lead fractures may have contributed to five

patients' deaths. Medtronic has not disclosed the precise mechanism of the Sprint Fidelis lead

fracture failures. However, it appears that the defect in the Sprint Fidelis may be attributable to the

small diameter of the coil and conductors and the fact that, in light of this small diameter, it is

subject to stress damage both during and after implant. Fracture eventually occur when the

conductor is critically overstressed. The number of fractures that have been observed in these leads

indicates that there is a clear defect in the leads themselves, and that defect was demonstrated in the

leads that were implanted in Plaintiffs. A review of the FDA's MAUDE database, which contains

reports of adverse events associated with the use of medical devices, discloses that as of July 2007,

over 1000 Medical Device Reports ("MDR"s) regarding Sprint Fidelis leads were filed since

September 2004. The most frequent complaints were fracture and inappropriate shocks, and the

most common observations were high impedance, oversensing and noise, and failure to capture or

high threshold. Medtronic analyzed approximately 125 of those leads that were returned to

Medtronic before July 2006 and according to the relevant MDR reports, Medtronic concluded that 77

out of the 125 leads (or 62%) were defective. The predominant manifestation of the defect was

conductor fracture, involving the PACE-sense conductor and coil or the high voltage (defibrillation) conductor. PACE-sense conductor or coil fracture was manifested by inappropriate shocks or oversensing/noise and high impedance, while high voltage conductor fracture was primarily linked to high impedance.

On October 15, 2007, Medtronic ceased sales of Sprint Fidelis leads, citing several deaths related to the leads. Medtronic recommended that implanted Sprint Fidelis leads be monitored. The company first alerted doctors in March that the Fidelis leads may be experiencing a higher fracture rate than expected. Medtronic said its investigation suggested that some doctors were struggling with implantation and were "contributing significantly to these fractures." This quote appeared in a press release dated October 15, 2007 from Medtronics. At the time, Medtronic had 24-month data that showed 98.9% of the the Fidelis leads still viable. James Coman, an associate professor of medicine at the University of Oklohoma College of Medicine, says he stopped using Fidelis leads 10 months ago after a routine check on a patient revealed a fractured lead which he says is highly unusual. Medtronic's March statement did not convince him otherwise. Coman says he will check Fidelis patients every month instead of every quarter via an in-home monitoring system. Doctors stopped using a family of leads known as the Sprint Fidelis, because they are prone to cracking, with potentially life-threatening consequences.

An estimated 235,000 patients are thought to have Fidelis leads, and the company estimates that 4,000 to 5,000 patients – or about 2.3 percent – will experience fractures in the leads. Dr. Ranjit Suri, a cardiologist at New York Hospital in Queens, said he and his colleagues stopped using all small-diameter leads, including the Sprint Fidelis because of problems with them. Dr. David Steinhaus, a top medical officer at Medtronic, described the lead fractures as "classic fatigue

-4-

failures," a term that typically describes a weakening of metal exposed to report stress. Dr. Robert G. Hauser, Minneapolis cardiologist, warned Medtronic that he believed there had been a troubling number of incidents in which defibrillators equipped with the Sprint Fidelis leads were firing inappropriately in patients.

### B.   PENDING ACTIONS RELATING TO THIS LITIGATION

Plaintiffs herein are aware of additional lawsuits which have been filed thus far, as indicated below:

**District of Puerto Rico**

A lawsuit bearing case number: 07-1971 and entitled *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* which is now pending in Sect. "JAG" of the United States District Court for the District of Puerto Rico.

A lawsuit bearing case number: 07-1969 and entitled *George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* which is now pending in Sect. "GAG" of the United States District Court for the District of Puerto Rico.

A lawsuit bearing case number: 07-1972 and entitled *Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* which is now pending in Sect. "JAG" of the United States District Court for the District of Puerto Rico.

**District of Minnesota**

A lawsuit bearing case number: 07-4250 and entitled *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "RHK". That suit was filed on October 15, 2007.

A lawsuit bearing case number: 07-4270 and entitled *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* is now pending in the United States District Court for the District of Minnesota, Section: "PAM". That suit was filed on October 16, 2007.

Plaintiffs strongly urge transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.

As noted above and in the Schedule of Actions Involved, undersigned counsel are presently aware of at least two actions subject to federal jurisdiction filed thus far. One is presently pending in the U.S.D.C. for the District of Puerto Rico. Plaintiffs respectfully suggest that all related cases be transferred to and consolidated in the District of Puerto Rico before the Honorable Judge Gustavo A. Gelpi or Honorable Judge Jay A. Garcia-Gregory.

Alternatively, Plaintiff urges that this matter be consolidated in the Northern District of California. Should such alternative decision be made to choose the Northern District of Calidfornia, plaintiff suggests that these cases be assigned to Judge Susan Illston.

The actions that are subject to this Motion to Transfer and Consolidate which are pending

-6-

before various federal district courts are as follows:

*David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07.

*George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07.

*Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07

* *Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07.

* *Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07.

**C.** **TRANSFER AND CONSOLIDATION INTO A MDL WILL PROMOTE THE JUST**

## AND EFFICIENT CONDUCT OF THE LISTED ACTIONS

Transfer, coordination, and/or consolidation of actions is appropriate when (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. Sec. 1407.

Review of the listed Complaints above clearly demonstrates common questions between the suits. Because of the similarity in allegations and prayers for relief, consolidation for pretrial purposes will foster judicial economy within the federal system, would prevent duplicative discovery by various plaintiffs against the same or similar defendants, will prevent the possibility of inconsistent discovery and pretrial rulings by various federal courts, therefore promoting the just and efficient conduct of the actions.

WHEREFORE, plaintiffs respectfully request that all genuinely related matters be consolidated for pretrial proceedings and be transferred to the District of Puerto Rico.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matt Moreland (La. Bar #: 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A. 07-1971 , Sect. "JAG"*

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION


IN RE: MEDTRONIC LEADS PRODUCTS LIABILITY                MDL DOCKET NO:
LITIGATION


## SCHEDULE OF ACTIONS INVOLVED
## PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
Matthew B. Moreland
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiff, David Wood, plaintiff/class representative, C.A. 07-1971; U.S.D.C.,
District of Puerto Rico, San Juan; Section: "JAG"


**NOW INTO COURT,** through undersigned counsel comes the plaintiff, *David Wood,*

*Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic*

*Puerto Rico Operations, Inc., Defendant, U.S.D.C., District of Puerto Rico, San Juan Division, C.A.*

1

*07-1971*, *Sect. "JAG"*, who respectfully submit this Schedule of Actions Involved:

### District of Puerto Rico

*David Wood, Plaintiff/ Class Representative v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1971, Section: JAG, filed on 10/16/07.

*George Russell-Nelson, George and Annabelle Anastas and Donald and Misty Tucker vs. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1969, Section: GAG, filed on 10/15/07.

*Frederick Santitoro and Richard Kinney, on behalf of themselves and all others similarly situated v. Medtronic, Inc., Medtronic Puerto Rico, Inc. , and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Puerto Rico, C.A. 07-1972, Section: JAG, filed on 10/16/07

### District of Minnesota

*Kelly Luisi, on behalf of herself and all others similarly situated and Len J. Stavish, on behalf of himself and all others similarly situated vs. Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the District of Minnesota, C.A. 07-4250, Section: RHK, Mag: JSM, filed on 10/15/07.

*Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr. on behalf of themselves and all others similarly situated, vs. Medtronic, Inc., Medtronic Puerto Rico, Inc.,*

*and Medtronic Puerto Rico Operations, Inc., Defendant,* United States District Court for the

District of Minnesota, C.A. 07-4270, Section: PAM, Mag: JSM, filed on 10/16/07.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA  70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Attorneys for the plaintiff, David Wood in *David
Wood, Plaintiff/ Class Representative v. Medtronic,
Inc., Medtronic Puerto Rico, Inc. , and Medtronic
Puerto Rico Operations, Inc., Defendant, U.S.D.C.,
District of Puerto Rico, San Juan Division, C.A. 07-
1971 , Sect. "JAG"*

-3-

Case 4:08-cv-00028-RP-CKJS   Document 64   Filed 01/22/2008   Page 1 of 13
Case 1:08-cv-00128-CKK   Document 9-3   Filed 01/22/2008   Page 1 of 13

Case 2:07-cv-07565-HGB-DEK     Document 10     Filed 12/10/2007     Page 1 of 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH PAUL TROSCLAIR | CIVIL ACTION |
| VERSUS | NO. 07-7565 |
| MEDTRONIC, INC., ET AL | SECTION "C" (3) |

### ORDER GRANTING FIRST MOTION FOR EXTENSION OF TIME
### TO FILE RESPONSIVE PLEADINGS

Considering that no response or opposition to Defendant's First Motion for Extension of

time to Answer has been filed,

**IT IS ORDERED** that Defendant's First Motion for Extension of Time to Answer

#5 is GRANTED and the December 12, 2007 hearing before the undersigned is

CANCELLED.

New Orleans, Louisiana this 7th of December, 2007.

*Daniel E. Knowles, III*

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE



Case 4:08-cv-00028-RP-TJS    Document 6-3    Filed 01/22/2008    Page 2 of 13
Case 1:08-cv-00128-CKK    Document 9-5    Filed 01/23/2008    Page 3 of 1

Case 2:07-cv-08441-EEF-KWR    Document 5    Filed 01/16/2008    Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

HENRY J. THERIOT AND
EARLINE B. T HERIOT,                          *        CASE NO. 07-8441
                                              *
                                              *
                Plaintiffs                    *
                                              *        SECT L, MAG. 4
v.                                            *
                                              *
MEDTRONIC, INC., MEDTRONIC PUERTO             *
RICO, INC. AND MEDTRONIC PUERTO               *
RICO OPERATIONS CO.,                          *
                                              *
                Defendants                    *
**************************************************

## ORDER

Considering the Defendants' Unopposed Motion to Stay Proceedings and Memorandum
in Support thereof,

IT IS HEREBY ORDERED that the Defendants' Unopposed Motion to Stay Proceedings
is hereby GRANTED and this matter is stayed, pending a decision by the Joint Panel on
Multidistrict Litigation on the pending motions to transfer.

New Orleans, Louisiana this 16th day of January, 2008.

_____
**JUDGE**

EXHIBIT
D

Case 4:08-cv-00028-RP-TJS    Document 6-3    Filed 01/22/2008    Page 3 of 13
Case 1:08-cv-06128-CKK    Document 9-6    Filed 01/28/2008    Page 3 of 2

JAN-04-2008 FRI 03:02 PM CLERK US DISTRICT COURT    FAX NO. 337 593 5027    P. 01/03

**RECEIVED**

JAN – 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MATTIE LEY JOHNSON LONDO

VERSUS

MEDTRONIC, INC., ET AL.

CIVIL ACTION NO. 07-1809

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING AND ORDER

Pending before this Court are defendant Medtronic, Inc's Motion to Stay Proceedings [Doc. 6] and defendants Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co.'s Motion to Join in Medtronic, Inc.'s Motion to Stay [Doc. 12]. All defendants seek expedited consideration of the motion to stay [Doc. 13]. The motions are unopposed,[1] and for the following reasons, all are GRANTED.

The Medtronic entities manufacture Sprint Fidelis leads – or wires – that are implanted along with implanatable defibrillators in cardiac patients. Plaintiff filed the instant lawsuit alleging they had defective Sprint Fidelis leads implanted with their implantable defibrillators, which caused the defibrillators to fail. The Sprint Fidelis leads at issue include the 6949 Sprint Fidelis cardiac-defibrillator leads; the 6949 LFJ extendable/retractable screw fixation (S) model; the 6948 LFH tuned fixation (T) model; the 6931 LFT S fixation; and the 6930 LFK T fixation, all manufactured and sold by Medtronic.

Over three dozen actions alleging claims related to Sprint Fidelis leads, including several putative class actions, have now been filed in various federal district courts around the country,

---

[1] Although Medtronic's motion to stay states plaintiff opposes the motion, which was filed on December 7, 2007, the delay for filing an opposition brief has passed. Therefore, the motion is considered by the Court as unopposed.



Case 4:08-cv-00028-RP-TJS    Document 63    Filed 01/28/2008    Page 24 of 213
Case 1:08-cv-00128-CKK    Document 9-6    Filed 01/28/2008    Page 4 of 13
JAN-04-2008 FRI 03:02 PM CLERK US DISTRICT COURT    FAX NO. 337 593 5027    P. 03/03

2008 motion calendar.

IT IS FURTHER ORDERED that if the instant case is not transferred to the JPML within ninety (90) days of the date of this Memorandum Ruling and Order, movants shall contact this Court for the purpose of scheduling a telephone status conference to set the case for trial.

IT IS FURTHER ORDERED that the Clerk of Court shall FAX a copy of this order to all counsel of record.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ⧸ day of January, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 1-4-08
BY
TO via fax: Bencel Jr.
Salas III
moreland
Renton
Christiana Jr
Bogart
Zwain
manton III
Boyer
Watson

-3-

---

—— Original Message ——
From: Reply@lawd.uscourts.gov
To: Clerk@lawd.uscourts.gov
Sent: Friday, December 21, 2007 8:44 AM
Subject: Activity in Case 3:07-cv-01902-RGJ-KLH Stone v. Medtronic Inc et al Order on Motion to Stay

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Western District of Louisiana

**Notice of Electronic Filing**

The following transaction was entered on 12/21/2007 at 8:44 AM CST and filed on 12/21/2007
**Case Name:**        Stone v. Medtronic Inc et al
**Case Number:**    3:07-cv-1902
**Order:**
**Document Number:** 7(No document attached)

**Docket Text:**
**ELECTRONIC ORDER granting [6] Motion to Stay. This matter is hereby STAYED pending a decision by the Joint Panel on Multidistrict Litigation on the pending motions to transfer. Signed by Magistrate Judge Karen L Hayes on 12/21/07. (Jud,Hayes, Karen)**

**3:07-cv-1902 Notice has been electronically mailed to:**

Waldon Michael Hingle servewmh@hinglelaw.com, bettyp@hinglelaw.com, candice@hinglelaw.com, celia@hinglelaw.com, heidi@hinglelaw.com, krista@hinglelaw.com, shelly@hinglelaw.com, shellym@hinglelaw.com

Kelly C Bogart kbogart@duplass.com, kprice@duplass.com

Bryan A Pfleeger bryan@hinglelaw.com, beckys@hinglelaw.com

**3:07-cv-1902 Notice will not be electronically mailed to:**



1/9/2008

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERTRENA WILKINSON CRUM, | * | CV 07-00923-FJP-DLD |
| Plaintiff | * | |
| v. | * | |
| MEDTRONIC, INC., MEDTRONIC PUERTO RICO, INC., AND MEDTRONIC PUERTO RICO OPERATIONS CO., | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ORDER**

After considering Defendants' Unopposed Motion to Stay All Proceedings until after a decision by the Judicial Panel on Multidistrict Litigation on pending motions for transfer, the pleadings on file, and the arguments of counsel, the Court finds that the Motion should be GRANTED.

Therefore, Defendants' Unopposed Motion to Stay All Proceedings is GRANTED in its entirety and it is therefore ORDERED that all hearings, deadlines, and proceedings in this case are stayed until after the pending transfer motions are decided by the Judicial Panel on Multidistrict Litigation.

Baton Rouge, Louisiana, January 15, 2008.

Frank J. Polozola

**JUDGE FRANK J. POLOZOLA**

EXHIBIT
6

Case 4:08-cv-00028-RP-TJS   Document 63   Filed 01/29/2008   Page 7 of 13
Case 9:07-cv-81050-KAM   Document 30   Entered on FLSD Docket 02/07/2008   Page 1 of 1
Case 1:07-cv-22764-PCH   Document 23   Entered on FLSD Docket 12/06/2007   Page 1 of 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-22764-CIV-HUCK/SIMONTON

JOHN NORTH, individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.

MEDTRONIC, INC.,
MEDTRONIC PUERTO RICO, INC.,
and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

     Defendants.

_____/

## ORDER GRANTING MOTION TO STAY

THIS CAUSE is before the Court upon Defendant Medtronic, Inc.'s Motion to Stay All Proceedings Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motion for Transfer, filed November 9, 2007 [D.E. #5]. For the reasons stated in open court at the December 6, 2007 hearing, it is hereby

ORDERED AND ADJUDGED that the Motion is GRANTED.

DONE and ORDERED in Chambers at Miami, Florida this December 6, 2007.

                        _____
                        Paul C. Huck
                        United States District Judge

**Copies furnished to:**
All Counsel of Record



EXHIBIT

H

Case 4:08-cv-00028-RP-TJS   Document 6-3   Filed 01/29/2008   Page 18 of 113
Case 9:07-cv-80560-KAM   Document 9-10   Entered on FLSD Docket 12/07/2007   Page 1 of 1
Case 1:07-cv-22768-UU   Document 23   Entered on FLSD Docket 12/07/2007   Page 1 of 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22768-CIV-UNGARO

EUGENE CLASBY, individually and on behalf
of all others similarly situated,
    Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO RICO,
INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,
    Defendants.

_____/

## ORDER STAYING PROCEEDINGS

THIS CAUSE came before the Court upon Defendant Medtronic Inc.'s Motion to Stay

Proceedings and Continue the Court's Order Setting Initial Planning and Scheduling Conference as

Well as All Other Deadlines Pending in this Action Until After A Decision By the Joint Panel on

Multidistrict Litigation on Pending Motions for Transfer, filed November 9, 2007.  (D.E. 7.)

Plaintiff filed a Response on November 30, 2007.  (D.E. 17.)

THE COURT has considered the Motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the Motion to Stay is GRANTED.  Within 30 days, the

parties shall file a notice to the Court, informing the Court on the status of the pending motions to

transfer.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of December, 2007.

_Ursula Ungaro_

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record



**EXHIBIT**

I

Case 4:08-cv-00028-RP-TJS   Document 6-13   Filed 01/29/2008   Page 19 of 113
Case 9:07-cv-81050-KAM   Document 9-12   Entered on FLSD Docket 02/07/2007   Page 1 of 1
Case 0:07-cv-04250-RHK-JSM   Document 13   Filed 11/05/2007   Page 1 of 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

KELLY LUISI, on behalf of herself
and all others similarly situated and
LEN J. STAVISH, on behalf of
himself and all others similarly
situated,

Case No.: 0:07-cv-4250-RHK-JSM

                    Plaintiffs,

    vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and
MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                    Defendants.

---

## ORDER

---

IT IS HEREBY ORDERED ADJUDGED AND DECREED that:

1.     Medtronic's Motion to Continue Court's Deadlines Until After a
Decision By the Joint Panel on Multidistrict Litigation on Pending Motions
for Transfer is GRANTED in its entirety.  All scheduled hearings and all
pending deadlines for filing of an answer and/or responsive pleadings and
service of discovery or automatic disclosures under Fed. R. Civ. P. 26 shall
be stayed until after the Pending JPML Motions are decided by the JPML.

Dated:  November 5, 2007

s/ Janie S. Mayeron
JANIE S. MAYERON
U.S. Magistrate Judge

EXHIBIT

J

Case 4:08-cv-00028-RP-TJS    Document 63    Filed 01/29/2008    Page 10 of 13
Case 9:07-cv-81050-KAM    Document 9-3    Entered on FLSD Docket 02/07/2008    Page 1 of 2
Case 0:07-cv-04412-RHK-JSM    Document 9    Filed 11/07/2007    Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LINDA J. WHITE, on Behalf of Herself and all
Others Similarly Situated,

                         Plaintiff,

      vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

                       Defendants.

Case No.: 0:07-cv-4412-(RHK/JSM)

**ORDER**

WHEREAS, Plaintiff Linda J. White, on behalf of herself and all others similarly situated

(hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and

Medtronic Puerto Rico Operations Co.  (hereinafter "Medtronic"), have agreed in a stipulation

electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for

filing of an answer and/or responsive pleadings and service of discovery or automatic

disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the

Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single

federal district court all of the cases that have been filed in federal courts nationwide against

Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads

manufactured and sold by Medtronic.

      NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all

scheduled hearings and all pending deadlines for filing of an answer and/or responsive

pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules

of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on

the pending motions seeking to transfer to a single federal district court all of the cases that



EXHIBIT

K

Case 4:08-cv-00028-RP-TJS    Document 6-3    Filed 01/22/2008    Page 21 of 213

Case 9:07-cv-84056-KAM-00928-CKK    Document 9-12    Filed 01/29/2008    Page 2 of 2
Case 0:07-cv-04412-RHK-JSM    Document 9    Filed 11/07/2007    Page 2 of 2

have been filed in federal courts nationwide against Medtronic that relate to the alleged

implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

IT IS SO ORDERED.

Dated: November 7, 2007

BY THE COURT:

*s/ Janie S. Mayeron*
JANIE S. MAYERON
U.S. Magistrate Judge

Case 4:08-cv-00028-RP-TJS    Document 6-3    Filed 01/29/2008    Page 12 of 13
Case 9:07-cv-81056-KAM    Document 9-11    Entered on FLSD Docket 02/07/2007    Page 1 of 2
Case 0:07-cv-04528-JMR-FLN    Document 9    Filed 11/14/2007    Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JESSE NOONAN, on behalf of herself and all
others similarly situated,

                      Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

                      Defendants.

Case No.: 0:07-cv-4528-JMR-FLN

ORDER TO CONTINUE THE
COURT'S DEADLINES

WHEREAS, Plaintiff Jesse Noonan, on behalf of herself and all others similarly situated
(hereinafter "Plaintiff"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and
Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic") have agreed in a stipulation
electronically filed as Document No. 7 that all scheduled hearings and all pending deadlines for
filing of an answer and/or responsive pleadings and service of discovery or automatic
disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the
Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single
federal district court all of the cases that have been filed in federal courts nationwide against
Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads
manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all
scheduled hearings and all pending deadlines for filing of an answer and/or responsive
pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules
of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on
the pending motions seeking to transfer to a single federal district court all of the cases that
have been filed in federal courts nationwide against Medtronic that relate to the alleged
implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



IT IS SO ORDERED.

Dated: November 14, 2007.

BY THE COURT:


s/ *Franklin L. Noel*
U.S. District Court for the
District of Minnesota

Case 4:08-cv-00028-RP-TJS    Document 6-4    Filed 01/29/2008    Page 1 of 218
Case 9:07-cv-81056-KAM    Document 35    Entered on FLSD Docket 12/07/2007    Page 1 of 2
Case 0:07-cv-04270-RHK-JSM    Document 4    Filed 11/06/2007    Page 1 of 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HARVEY LEE CONWAY, JR., JOHN PAUL
MILLER, and CHARLES PETERSON, JR. on
behalf of themselves and all others similarly
situated,

                          Plaintiffs,

          vs.

MEDTRONIC, INC.; MEDTRONIC PUERTO
RICO, INC. and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

                   Defendants.

Case No.: 0:07-cv-4270-PAM-JSM

**STIPULATION FOR CONTINUANCE OF
COURT'S DEADLINES**

Plaintiffs Harvey Lee Conway, Jr., John Paul Miller, and Charles Peterson, Jr., on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), and defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (hereinafter "Medtronic"), by and through their undersigned counsel, hereby stipulate as follows:

All scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



EXHIBIT
M

Dated:  November 6, 2007          Respectfully Submitted,

**BOWMAN AND BROOKE LLP**

By:____s/ George W. Soule_____

    George W. Soule (#103664)
    Melissa R. Stull (#387060)
    150 South Fifth Street, Suite 3000
    Minneapolis, MN 55402
    george.soule@bowmanandbrooke.com
    melissa.stull@bowmanandbrooke.com
    Tel:  612.339.8682
    Fax: 612.339.3200

    and

    Philip S. Beck
    Bartlit Beck Herman Palenchar & Scott LLP
    Courthouse Place
    54 West Hubbard Street, Suite 300
    Chicago, IL 60610
    philip.beck@bartlit-beck.com
    Tel: 312.494.4411
    Fax: 312.494.4440

    **ATTORNEYS FOR DEFENDANTS**

Dated:  November 5, 2007          Respectfully Submitted,

**LOCKRIDGE GRINDAL NAUEN P.L.L.P**

By:____s/Robert K. Shelquist_____

    Richard A. Lockridge (64117)
    Robert K. Shelquist (02130X)
    Yvonne M. Flaherty (267600)
    100 Washington Avenue South, Suite 2200
    Minneapolis, MN 55401-2197
    Tel: 612.339.6900
    Fax: 612.339.0981

    **ATTORNEYS FOR PLAINTIFFS**

Case 4:08-cv-00028-RP-TJS    Document 6-4    Filed 01/29/2008    Page 3 of 18
Case 9:07-cv-04567-KAM-002    Document 10-10    Filed 12/31/2007    Page 1 of 3
Case 3:07-cv-04393-MLC-TJB    Document 13    Filed 11/19/2007    Page 1 of 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

E. DAVID BARRICK,

     Plaintiff,

v,

MEDTRONIC WORLD
HEADQUARTERS, et al.,

     Defendants.

Civil Action No. 07-4393 (MLC)

ORDER



EXHIBIT

N

This matter having been opened to the Court upon letter application by counsel for

Defendant Medtronic World Headquarters ("Medtronic") seeking an Order staying proceedings in

this matter pending a transfer decision by the Joint Panel on Multidistrict Litigation ("JPML");

and Medtronic arguing that motions have been filed with the JPML pursuant to 28 U.S.C. §

1407(a) seeking to transfer to a single federal district court all of the cases that have been filed in

federal court that relate to Medtronic's Sprint Fidelis leads; and Medtronic further arguing that

this matter would be subject to such a transfer; and Medtronic further arguing that this matter

should be stayed pending a transfer decision by the JPML; and Medtronic further arguing that the

Court has the inherent power to stay this matter (*see Rivers v. The Walt Disney Co.*, 980 F. Supp.

1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); and

Medtronic further arguing that a limited stay is warranted here to achieve the purposes of 28

U.S.C. § 1407, namely the promotion of just and efficient administration of litigation; and

Medtronic further arguing that absent a stay, the Court will be forced to expend a great amount of

time and resources in supervising the discovery process as well as other pretrial proceedings,

despite the fact that this Court may lose jurisdiction over this matter; and Medtronic further

arguing that the short stay that it requests would not impose any real prejudice on Plaintiff; and

Case 4:08-cv-00028-RP-TJS    Document 6-4    Filed 01/23/2008    Page 4 of 18
Case 9:07-cv-80507-KAM    Document 46    Entered on FLSD Docket 12/07/2007    Page 2 of 3
Case 3:07-cv-04393-MLC-TJB    Document 13    Filed 11/19/2007    Page 2 of 3

Plaintiff opposing Medtronic's application for a stay to the extent it seeks to stay discovery and the need for the parties to provide the automatic disclosures required by Fed.R.Civ.P. 26; and Plaintiff arguing that he is a man of old age and poor health and therefore has a strong interest in proceeding in this case without delay; and Plaintiff further arguing that Medtronic's concerns regarding judicial economy are misplaced because the onus in proceeding with discovery is largely on the attorneys for both parties and not the Court; and the Court having reviewed the submissions of the parties; and the Court finding that "[t]he power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication" and consequently it has wide discretion in determining whether to stay a particular matter (*Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 254-55); see *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, CIV. A. No. 90-4378, 1991 WL 13725, *1-2 (D.N.J. Feb. 1, 1991)); and the Court further finding that while Plaintiff has not cited any case law in favor of his argument that a stay should not be granted, Plaintiff does argue that he an old man of poor health who has an interest in this matter proceeding without delay; the Court notes that no Affidavit or other sworn statement by Plaintiff was attached to his letter verifying his age or health, though the Court nevertheless accepts Plaintiff's unsworn statements at face-value as if made under oath; and the Court further finding that while the parties certainly bear much of the burden of discovery, the Court also expends a great deal of resources monitoring the discovery process and resolving discovery disputes; and the Court further finding that the JPML typically acts swiftly and therefore, a stay of this matter would not likely be extensive; and the Court further finding that a short stay of this matter is therefore warranted, despite the delay, as it would promote judicial

Case 4:08-cv-00028-RP-TJS    Document 6-4    Filed 01/29/2008    Page 5 of 18
Case 1:08-cv-00128-CKK    Document 9-15    Filed 01/29/2008    Page 3 of 18
Case 9:07-cv-00567-XR    Document 19-10    Filed 12/24/2007    Page 3 of 3
Case 3:07-cv-04393-MLC-TJB    Document 13    Filed 11/19/2007    Page 3 of 3

economy and efficiency without prejudicing Plaintiff; and the Court having considered this

matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 19th day of November, 2007,

ORDERED that Medtronic's application for a stay is GRANTED; and it is further

ORDERED that the Initial Conference scheduled to take place on November 19, 2007,

which had temporarily been postponed pending the Court's decision of this application, is, along

with all other proceedings in this matter, hereby stayed pending a transfer decision by the JPML;

and it is further

ORDERED that the parties immediately inform the Court in writing when the JPML has

rendered its transfer decision.

_____s/ Tonianne J. Bongiovanni_____
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

Case 4:08-cv-00028-RP-TJS    Document 6-4    Filed 01/29/2008    Page 16 of 18
Case 9:07-cv-81056-KAM   Document 9-16   Entered on FLSD Docket 02/07/2008   Page 1 of 2
Case 0:07-cv-00942-DWF Document 9-7 Filed 12/07/2007 Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DONALD ALEXANDER,

               Plaintiff,

vs.

MEDTRONIC, INCORPORATED,

               Defendant.

Case No.: 0:07-cv-4519-DWF-AJB

**ORDER TO CONTINUE THE
COURT'S DEADLINES**

    Plaintiff Donald Alexander and defendant Medtronic, Incorporated (hereinafter "Medtronic") have agreed in a stipulation electronically filed as Document No. 6 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

    NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



**EXHIBIT**

IT IS SO ORDERED.

Dated:  November 26, 2007.

BY THE COURT:


_s/ Arthur J. Boylan_____
Arthur J. Boylan
U.S. Magistrate Judge

Case 4:08-cv-00028-BP-TKS   Document 5-4   Filed 01/23/2008   Page 8 of 38
Case 1:08-cv-00128-CKK   Document 9-17   Filed 01/23/2008   Page 1 of 3
District of Kansas - Docket Report
Case 5:07-cv-05075-JW   Document Document Entered on FLSD Docket 12/07/2007   Page 1 of 3

# U.S. District Court
## District of Kansas (Kansas City)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02542-CM-JPO

Brown v. Medtronic, Inc. et al
Assigned to: District Judge Carlos Murguia
Referred to: Magistrate Judge James P. O'Hara
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/08/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Phillip S. Brown**
*on behalf of himself and all others
similarly situated*

represented by **John M. Parisi**
Shamberg, Johnson & Bergman, Chtd. -
KCMO
2600 Grand Blvd.-Ste. 550
Kansas City, MO 64108
816-474-0004
Fax: 816-474-0003
Email: jparisi@sjblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Medtronic, Inc.**

represented by **Patrick Lysaught**
Baker, Sterchi, Cowden & Rice, L.L.C.
- KC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: lysaught@bscr-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Medtronic Puerto Rico, Inc.**

represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Medtronic Puerto Rico Operations,
Co.**

represented by **Patrick Lysaught**
(See above for address)
*LEAD ATTORNEY*



EXHIBIT

Case 4:08-cv-00028-RP-TJS    Document 5-4    Filed 01/23/2008    Page 2 of 18
Case 1:08-cv-00128-CKK    Document 9-17    Filed 01/29/2008    Page 2 of 3
District of Kansas - Docket Report
Case 9:07-cv-00567-KAM-009...    Document Docketed Entered on FLSD Docket 12/07/...    Page 2 of 3

**Defendant**

Medtronic International Technology,      represented by **Patrick Lysaught**
Inc                                                       (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2007 | 1 | COMPLAINT (Summons Issued) with trial location of Kansas City, Kansas, filed by Phillip S. Brown.(kao) (Entered: 11/09/2007) |
| 11/08/2007 | | FILING FEE PAID: In the amount of $ 350, receipt number K4631010518. (kao) (Entered: 11/09/2007) |
| 11/09/2007 | | Summons Issued as to Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/09/2007) |
| 11/15/2007 | 2 | AMENDED COMPLAINT *(Class Action)* against all defendants, filed by Phillip S. Brown.(Parisi, John) (Entered: 11/15/2007) |
| 11/15/2007 | | Summons Issued as to Medtronic International Technology, Inc. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (kao) (Entered: 11/15/2007) |
| 11/15/2007 | 3 | RETURN OF SERVICE of Medtronic, Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/15/2007) |
| 11/21/2007 | 4 | RETURN OF SERVICE of Medtronic Puerto Rico Inc. filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/21/2007 | 5 | RETURN OF SERVICE of Medtronic Puerto Rico Operations Co., filed by Plaintiff Phillip S. Brown (Parisi, John) (Entered: 11/21/2007) |
| 11/29/2007 | 6 | Joint MOTION to Stay Case by Defendants Medtronic International Technology, Inc, Medtronic, Inc., Medtronic Puerto Rico, Inc., Medtronic Puerto Rico Operations, Co.(Lysaught, Patrick) (Entered: 11/29/2007) |
| 11/29/2007 | 7 | ORDER granting the joint motion of the parties 6 to stay the case until the pending motions before the Judicial Panel on Multidistrict Litigation have been decided. Signed by Magistrate Judge James P. O'Hara on 11/29/07. (ct) (Entered: 11/29/2007) |
| 12/01/2007 | 8 | RETURN OF SERVICE of Medtronic International Technology, Inc. filed by Plaintiff Phillip S. Brown. (Parisi, John) (Entered: 12/01/2007) |

**PACER Service Center**

Case 4:08-cv-00029-RP-TJS Document 9-17 Filed 01/28/2008 Page 30 of 318
Case 1:08-cv-00128-CKK Document 9-17 Filed 01/28/2008 Page 30 of 318
District of Kansas - Docket Report
Case 9:07-cv-80050-KAM Document 9-16 Entered on FLSD Docket 12/07/2007 Page 3 of 3

| Transaction Receipt | | |
|---|---|---|
| 12/05/2007 15:06:45 | | |
| PACER Login: | bj0447 | Client Code: | 144-005 |
| Description: | Docket Report | Search Criteria: | 2:07-cv-02542-CM-JPO |
| Billable Pages: | 2 | Cost: | 0.16 |

Case 4:08-cv-00028-BP-TJS    Document 6-4    Filed 01/23/2008    Page 11 of 18
Case 1:08-cv-00128-CKK    Document 9-18    Filed 01/29/2008    Page 1 of 1
Case 9:07-cv-81056-KAM    Document 9-10    Entered on FLSD Docket 02/07/2008    Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RUBY MCNABB,                               )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )        No. 07-0494-CV-W-DW
                                           )
MEDTRONIC USA, INC.,                       )
                                           )
          Defendant.                       )

### ORDER

Before the Court is the parties' Joint Motion for Stay of Proceedings (Doc. 7). The Court

hereby GRANTS the motion and stays all scheduled hearings and deadlines in this case until

resolution of pending transfer motions before the Joint Panel on Multidistrict Litigation

("JPML"). The parties shall keep the Court apprised of the status of proceedings before the

JPML.

Date:   November 29, 2007              _____/s/ Dean Whipple_____
                                              Dean Whipple
                                       United States District Judge



Case 4:08-cv-00038-RP-TJS    Document 64    Filed 01/28/2008    Page 120 of 218
Case 1:08-cv-00128-CKK    Document 9-19    Filed 01/28/2008    Page 1 of 2
Case 0:07-cv-04669-PAM-JSM    Document 7    Filed 12/06/2007    Page 1 of 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leonard Shapiro, on behalf of himself and all
others similarly situated,

Case No.: 0:07-cv-4669-PAM-JSM

Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO
RICO OPERATIONS CO.,

**ORDER TO CONTINUE THE
COURT'S DEADLINES**

Defendants.

Plaintiff Leonard Shapiro and defendant Medtronic, Incorporated (hereinafter "Medtronic") have agreed in a stipulation electronically filed as Document No. 5 that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.

NOW, THEREFORE, pursuant to the foregoing stipulation, it is hereby ordered that all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under Rule 26 of the Federal Rules of Civil Procedure shall be stayed until after the Joint Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all of the cases that have been filed in federal courts nationwide against Medtronic that relate to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by Medtronic.



EXHIBIT

R

IT IS SO ORDERED.

Dated: December 6, 2007

BY THE COURT:


s/ Janie S. Mayeron
JANIE S. MAYERON
U.S. Magistrate Judge

Case 4:08-cv-00028-RP-TJS   Document 54   Filed 01/29/2008   Page 14 of 18
Case 5:07-cv-00942-XR   Document 10-14   Filed 12/21/2007   Page 1 of 2
Case 9:07-cv-81056-KAM   Document 11   Entered on FLSD Docket 12/11/2007   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81056-CIV-MARRA/JOHNSON

DOUG VENNING, on behalf of himself
and all others similarly situated,

     Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC PUERTO
RICO, INC., and MEDTRONIC PUERTO RICO
OPERATIONS CO.,

     Defendants.

_____/

**EXHIBIT**

S

## <u>ORDER</u>

This cause is before the Court upon Defendants' Unopposed Motion to Stay All

Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending

Motions for Transfer [DE 9], filed December 7, 2007.   The Court has carefully examined the

notice and is otherwise fully advised in the premises.

     Defendants inform the Court that several plaintiffs, including the Plaintiff in this case,

have filed papers with the Judicial Panel on Multidistrict Litigation seeking transfer of all of the

Sprint Fidelis cases to a single district court for consolidated or coordinated treatment. (Def. Mot.

2-3.) .

     Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)    Defendants' Unopposed Motion to Stay All Proceedings Until After a Decision by

     the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer

Case 4:08-cv-00028-RP-TJS     Document 6-4     Filed 01/23/2008     Page 15 of 18
Case 1:08-cv-00128-CKK     Document 9-20     Filed 01/29/2008     Page 2 of 2
Case 5:07-cv-00942-XR     Document 10-14     Filed 12/21/2007     Page 2 of 2
Case 9:07-cv-81056-KAM     Document 11     Entered on FLSD Docket 12/11/2007     Page 2 of 2

[DE 9] is **GRANTED**.

2)    The clerk shall **ADMINISTRATIVELY CLOSE** this case. Should this case not

be transferred to a Multidistrict Litigation Panel, either party may petition this

Court to re-open the case.

2)    All pending motions are **DENIED AS MOOT WITHOUT PREJUDICE.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 10th day of December 2007.

KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record

Case 4:08-cv-00028-RP-TJS    Document 624    Filed 01/29/2008    Page 16 of 18
Case 1:08-cv-00128-CKK    Document 9-21    Filed 01/29/2008    Page 16 of 18
Case 5:07-cv-00942-XR    Document 11    Filed 01/02/2008    Page 1 of 1

**FILED**

JAN 2 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

SALINA MARIE BADILLO,                §
                                     §
        Plaintiff,                   §
                                     §
                                     §
v.                                   §    CIVIL ACTION NO. SA-07-CV-00942-XR
                                     §
                                     §
MEDTRONIC, INC.                      §
                                     §
        Defendant.                   §

### ORDER

After considering Defendant's Motion to Stay, any response thereto, the Pleadings on

file, and the arguments of counsel, the Court finds that the Motion should be GRANTED. (docket #10)

Therefore, Defendants' Motion to ~~Compel~~ Stay is GRANTED in its entirety and it is therefore

ORDERED that all hearings, deadlines, and proceedings in this case are stayed until after the

pending transfer motions are decided by the Joint Panel on Multidistrict Litigation. Defendants shall file an
Advisory within 5 days of
the JPML's decision.

Dated: _January 2_____, 2008

_____
UNITED STATES DISTRICT JUDGE



EXHIBIT

T

Case 4:08-cv-00028-RP-TJS    Document 64    Filed 01/22/2008    Page 17 of 18
Case 1:08-cv-00128-CKK    Document 9-22    Filed 01/28/2008    Page 1 of 1
Case 3:07-cv-05352-WHA    Document 23    Filed 01/04/2008    Page 1 of 1

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  JENEANE BAQUE, et al.,                    No. C 07-05352 WHA
11          Plaintiffs,
12    v.                                      **ORDER GRANTING MOTION TO
                                              STAY PROCEEDINGS AND
13  MEDTRONIC INC.,                           VACATING HEARING**
14          Defendant.
15  _____/

16        Defendant moved to stay proceedings pending decision by the judicial panel on
17  multi-district litigation on pending motions for transfer. Plaintiffs did not file an opposition. In
18  their reply, defendant contend that plaintiffs' failure to file an opposition may be deemed as
19  consent to granting the motion. Plaintiffs do not argue otherwise. The motion to stay
20  proceedings is therefore GRANTED and the hearing on January 10, 2008, is VACATED.

21
22        **IT IS SO ORDERED.**
23
24  Dated: January 4, 2008.
25                                            WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE
26
27
28

*United States District Court*
*For the Northern District of California*



EXHIBIT

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| KARIN GRAZIANI | Case No.: CV-08-00202 (FMC (FFMx)) |
| Plaintiffs, | |
| vs. | [PROPOSED] ORDER TO STAY PROCEEDINGS PENDING JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S DECISION ON PENDING MDL MOTIONS |
| ST. JUDE MEDICAL, INC., a Minnesota Corporation; DOES 1 through 100, Inclusive, | Compl. Filed:    November 20, 2007<br>Trial Date:    None Set |
| Defendants. | Honorable Florence-Marie Cooper |

EXHIBIT

V

_____

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1    As set forth in the stipulation filed by Plaintiff and Medtronic, Inc., this case
2 involves allegations that defendant Medtronic, Inc.'s Sprint Fidelis Leads caused
3 injury to Plaintiff.  Over sixty lawsuits involving similar claims are pending in
4 numerous District Courts around the country.  Several plaintiffs in those cases have
5 filed pleadings with the Judicial Panel on Multidistrict Litigation requesting that an
6 MDL be formed to handle this litigation in a single District Court for the sake of just
7 and efficient resolution of common pretrial issues.  Medtronic has agreed that transfer
8 for coordinated or consolidated treatment would be appropriate, and no party has
9 opposed MDL treatment of this litigation.  The Panel has set the pending MDL
10 motions for oral argument on January 30, 2008, and the parties expect that the Panel
11 will issue an order by the end of February 2008.
12
13    Medtronic noted that twenty-one (21) other Sprint Fidelis cases pending in
14 federal court have been stayed either by agreement of the parties or order of Court
15 until after the JPML decides the pending MDL motions.  In the interest of conserving
16 judicial resources and avoiding potentially duplicative pretrial proceedings in this
17 case, the parties hereby stipulated and agreed to a stay of all proceedings in this action
18 pending the JPML's decision on pending MDL motions.  This stay includes, but is not
19 limited to, any disclosures under Rule 26 of the Federal Rules of Civil Procedures or
20 early meeting of counsel.  In addition, Plaintiff agrees that federal diversity
21 jurisdiction is appropriate in this case, and will not seek remand of this case to state
22 court at any time.
23
24    IT IS HEREBY ORDERED THAT this case shall be stayed pending the
25 outcome of the JPML's decision on the MDL motion as described above.
26
27 DATED: January 22, 2008
28
                                        Honorable Florence-Marie Cooper

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1

2

3

4

H:\Graziani - Proposed order to stay proceedigs pending mdl motions.doc

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  CV-08-00202 (FMC (FFMx))                - 2 -

[Proposed] Order To Stay Proceedings Pending Judicial Panel
On Multidistrict Litigation's Decision On Pending MDL Motions

1 | Sonja S. Weissman (SBN 154320)
Dana A. Blanton (SBN 232373)
2 | REED SMITH LLP
1999 Harrison St., Suite 2400
3 | Oakland, CA 94612
Telephone:    510.763.2000
4 | Facsimile:    510.273.8832
Email: sweissman@reedsmith.com;
5 | dblanton@reedsmith.com

6 | Michael K. Brown (SBN 104252)
Ginger Heyman Pigott (SBN 162908)
7 | REED SMITH LLP
355 South Grand Avenue, Suite 2900
8 | Los Angeles, CA 90071
Telephone:   213.457.8000
9 | Facsimile:   213.457.8080
Email: mkbrown@reedsmith.com;
10 | gheyman@reedsmith.com

11 | Attorneys for Defendant
Medtronic, Inc.

12 |

13 |                    UNITED STATES DISTRICT COURT

14 |                    NORTHERN DISTRICT OF CALIFORNIA

15 | ROSEANN MITCHELL, et al.,                Case No. 3:07-cv-6352-JCS

16 |                    Plaintiffs,            **STIPULATION TO STAY PROCEEDINGS
PENDING JUDICIAL PANEL ON
17 | vs.                                       MULTIDISTRICT LITIGATION'S
DECISION ON PENDING MDL MOTIONS
18 | MEDTRONIC, INC., et al.,                  AND STIPULATION TO HOLD EARLY
DEPOSITION** AND ORDER
19 |                    Defendants.
Compl. Filed:    October 19, 2007
20 |                                           Trial Date:      None Set

21 |                                           Honorable John C. Spero

22 |

23 |

24 |

25 |

26 |

27 |

28 |

- 1 -

STIPULATION TO STAY PROCEEDINGS and TO HOLD EARLY DEPOSITION

EXHIBIT W

(left margin, vertical text) REED SMITH LLP    A limited liability partnership formed in the State of Delaware

1    This case involves allegations that defendant Medtronic, Inc.'s Sprint Fidelis Leads caused

2    injury to plaintiff Roseann Mitchell and her family.  Over three dozen lawsuits involving similar

3    claims are pending in District Courts around the country.  Several plaintiffs in those cases have filed

4    pleadings with the Judicial Panel on Multidistrict Litigation requesting that an MDL be formed to

5    handle this litigation in a single District Court for the sake of just and efficient resolution of common

6    pretrial issues.  No party has opposed MDL treatment of this litigation.  The Panel has set the

7    pending MDL motions for oral argument on January 30, 2008, and the parties expect the Panel will

8    issue an order by the end of February 2008.

9

10    In the interest of conserving judicial resources and avoiding potentially duplicative pretrial

11    proceedings in this case, the parties hereby stipulate and agree to a stay of all proceedings in this

12    action pending the JPML's decision on pending MDL motions.  In addition, plaintiffs agree that

13    federal diversity jurisdiction is appropriate in this case, and will not seek remand of this case to state

14    court at anytime.

15

16    Further, pursuant to Federal Rule of Civil Procedure 30(a)(2)(C), the parties stipulate and

17    agree to an early deposition of plaintiff Roseann Mitchell based upon her physician's assertion that

18    she is suffering from terminal congestive heart failure and is on hospice care.  Without waiving any

19    of its rights and without prejudice to its right to obtain a further deposition of plaintiff in the

20    litigation, defendant agrees to such a deposition, on a mutually agreeable date yet to be determined,

21    but in any event no earlier than January 10, 2008, on the condition that plaintiffs provide medical

22    records sufficient to allow counsel for Medtronic to adequately prepare for deposition at least ten

23    (10) days prior to the deposition.  To the extent such records are not made available or unavailable,

24    the parties will meet and confer following notice from plaintiff's counsel concerning the available

25    records and timing of production of same to minimize the prejudice to defendant.

26

27

28

— 2 —

DATED: December 21, 2007.    Respectfully submitted,

REED SMITH LLP

By _____
Sonja S. Weissman
Dana A. Blanton
Attorneys for Defendant
Medtronic, Inc.

DATED: December 21, 2007.    Respectfully submitted,

HERSH & HERSH

By _____
Rachel Abrams
Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

1/18/2008

DATED: ▮▮▮▮▮▮▮▮▮▮

_____
Honorable John C. Spero

DOCSOAK-9806849.1

— 3 —

STIPULATION TO STAY PROCEEDINGS and TO HOLD EARLY DEPOSITION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JAMES C. WILLIAMS,                          )
                                            )
        Plaintiff,                          )
                                            )
    v.                                      )        No. 4:07-CV-2052CAS
                                            )
MEDTRONIC, INC.,                            )
                                            )
        Defendant.                          )

## ORDER

This matter is before the Court on the parties' joint motion to stay the proceedings until after the United States Judicial Panel on Multidistrict Litigation rules on the pending motions seeking to transfer to a single federal district court all cases filed against defendant Medtronic, Inc. related to the alleged implantation of Sprint Fidelis cardiac-defibrillator leads manufactured and sold by defendant. The Court finds that the motion to stay should be granted to conserve judicial resources and prevent inconsistent pretrial orders pending transfer.

Accordingly, the parties' Joint Motion to Stay is **GRANTED** [Doc. 2], and all pretrial proceedings and deadlines, including the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and all other discovery and pretrial deadlines, are hereby stayed pending the United States Judicial Panel on Multidistrict Litigation's ruling on the pending motion seeking transfer of this case for coordinated and consolidated pretrial proceedings.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2008.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TED CARTER,

                              Plaintiff,

v.                                                      CIVIL ACTION NO.  2:07-cv-00752

MEDTRONIC, INC.,

                              Defendant.

ORDER

Pending before the court are the defendant's Motion to Stay the proceedings until the

Multidistrict Litigation Panel (MDL Panel) determines whether to consolidate pretrial proceedings

[Docket 10], and the plaintiff's Motion for Hearing on the defendant's motion [Docket 13].  The

defendant asks the court to exercise its supervisory power to stay the proceedings.  Courts typically

weigh three factors in determining whether to exercise discretionary power to stay proceedings

pending the outcome of a motion to consolidate: "(1) potential prejudice to the non-moving party;

(2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial

resources that would be saved by avoiding duplicative litigation if the cases are in fact

consolidated." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C. D. Cal. 1997) (citations

omitted).

In its motion, the defendant argues that any delay caused by a stay will be minimal because

the MDL Panel has scheduled argument on the Motion to Consolidate for January 30, 2008.  When

the MDL Panel rules on the consolidation issue, the MDL Panel will either acquire jurisdiction or



refuse to consolidate the cases and this court will retain jurisdiction for pretrial purposes. The defendant also argues that the plaintiff will suffer little – if any – prejudice due to a delay associated with the stay. The plaintiff counters that it will suffer prejudice by any stay because it "will extend the [p]laintiff's time and expenses prosecuting this case." (Pl.'s Obj. at 3) The plaintiff also argues that class members may suffer delay in the relief sought for medical monitoring, and that "timeliness is crucial; in fact it is life or death for many." (*Id.*)

The plaintiff maintains that the defendant will suffer little prejudice if the stay is not granted. Although the parties do not identify the potential prejudice to the defendant, the court recognizes the potential duplicative cost associated with producing discovery for this case when the MDL Panel may ultimately consolidate this case with others. The court views the potential prejudice as to both parties as comparatively equal. As a result, judicial economy weighs heavily in favor of staying the proceedings in this case until the MDL Panel rules on the motion to consolidate. This result is in harmony with the common practice of staying proceedings in potential-transferor courts: "district courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, *especially when such a stay would further the policies of judicial economy, efficiency*, and consistency that are deeply embedded in the federal multidistrict litigation statute." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3866.1 (3d ed. 2007) (emphasis added).

For those reasons, the defendant's motion is **GRANTED** and the plaintiff's motion is **DENIED** because the matters are sufficiently addressed in the parties' briefs. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 15, 2008

Joseph R. Goodwin, Chief Judge

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   WILLIE WEST, and PAMELA WEST,              No. C 07-05697 WHA
11               Plaintiffs,
12        v.                                    **ORDER STAYING**
                                                **PROCEEDINGS PENDING**
13   MEDTRONIC INC., MEDTRONIC PUERTO           **DECISION BY JUDICIAL PANEL**
     RICO, INC., and MEDTRONIC PUERTO           **ON MULTI-DISTRICT**
14   RICO OPERATIONS COMPANY,                   **LITIGATION**
15               Defendants.
16   _____/
17        This action will appear before the judicial panel on multi-district litigation on pending
18   motions for transfer.  In the interest of conserving judicial resources, proceedings before this
19   Court are stayed pending decision by the multi-district litigation judicial panel.
20
21        **IT IS SO ORDERED.**
22
23   Dated:  January 16, 2008.
                                                _____
24                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE
25
26
27
28

*United States District Court*
*For the Northern District of California*



## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

CHARLES R. PHILLIPS, on behalf of          )
Himself and all others similarly situated   )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )
                                            )
MEDTRONIC, INC., MEDTRONIC                  )
PUERTO RICO, INC., and MEDTRONIC            )
PUERTO RICO OPERATIONS CO.,                 )
                                            )
        Defendants.                         )

### ORDER ON AGREED ENLARGEMENT OF TIME
### TO RESPOND TO PLAINTIFF'S COMPLAINT

This matter having come before the Court on the Notice of Defendants Medtronic,

Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co.

(collectively, "Defendants") of an Agreed Enlargement of Time to Respond to Plaintiff's

Complaint, which Notice is in the words and figures following, to-wit:

(H.I.)

And the Court, in all things being duly advised, hereby ORDERS that Defendants

shall have an indefinite enlargement of time to Respond to Plaintiff's Complaint until

such time as an MDL transferee court determines (if MDL treatment is granted by the

Judicial Panel for Multi-District Litigation) or within such other time set by this Court (if

MDL treatment is denied by the JPMDL).

DATED: 12/27/2007

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**EXHIBIT**
**AA**

Copies to:    Kevin R. Knight, Michael C. Steele
              Irwin B. Levin, Richard E. Shevitz, Elizabeth J. Doepken

I/2057225.1

**Subject:** FW: Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order on Motion to Stay

**From:** prd_docketing@prd.uscourts.gov [mailto:prd_docketing@prd.uscourts.gov]
**Sent:** Tuesday, November 13, 2007 2:23 PM
**To:** prd_docketing@prd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order on Motion to Stay

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### United States District Court

### District of Puerto Rico

## Notice of Electronic Filing

The following transaction was entered on 11/13/2007 at 4:22 PM AST and filed on 11/13/2007

**Docket Text:**
ORDER denying without prejudice [19] Motion to Stay . At this time, the court expects plaintiffs to comply with the court's order (Docket No. 18). Defendants need not do anything until the date specified therein. Once the court receives plaintiff's informative motion due on 12/15/07 it will entertain any renewed requests for a stay, if by then the MDL panel has not yet made a decision. Signed by Judge Gustavo A. Gelpi on 11/13/07. (Gelpi, Gustavo)

**3:07-cv-1969 Notice has been electronically mailed to:**
John F. Nevares jfnevares-law@microjuris.com, jfnevareslaw@gmail.com
Eric M. Quetglas-Jordan quetglaslaw@hotmail.com, eric@quetglaslaw.com
Jose F. Quetglas quetglaslaw@hotmail.com
Raul M. Arias-Marxuach rma@mcvpr.com, usdc@mcvpr.com
PHV Jerrold S. Parker jerry@yourlawyer.com
PHV Daniel Becnel, Jr dbecnel@becnellaw.com
PHV Matthew B. Moreland mmoreland@becnellaw.com
PHV Richard J. Arsenault rarsenault@nbalawfirm.com
PHV Elizabeth J. Cabraser ecabraser@lchb.com
PHV Nicholas J. Drakulich Jenndrak@sbcglobal.net
PHV Wendy Fleishman wfleishman@lchb.com
PHV Daniel E. Gustafson dgustafson@gustafsongluek.com

**3:07-cv-1969 Notice has been delivered by other means to:**



**From:** prd_docketing@prd.uscourts.gov
**Sent:** Thursday, December 20, 2007 5:13 PM
**To:** prd_docketing@prd.uscourts.gov
**Subject:** Activity in Case 3:07-cv-01969-GAG Russell-Nelson et al v. Medtronic, Inc. et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## United States District Court

### District of Puerto Rico

## Notice of Electronic Filing

The following transaction was entered on 12/20/2007 at 6:12 PM AST and filed on 12/20/2007
**Case Name:**       Russell-Nelson et al v. Medtronic, Inc. et al
**Case Number:**     3:07-cv-1969
**Filer:**
**Document Number:** 78(No document attached)

**Docket Text:**
ORDER, Set Deadlines **Discovery (Plaintiffs' Initial Disclosures) due by 1/23/2008.**The defendant's Renewed Motion to Stay (Docket No. 67) is Denied at this time. Plaintiffs shall submit complete Rule 26 initial disclosures to defendant by the above deadline. Once this occurs, plaintiffs shall so inofrm the court and the court will direct defendant accordingly. Plaintiffs must certify that they have complied in full with Rule 26. Signed by Judge Gustavo A. Gelpi on 12/20/07. (Gelpi, Gustavo)

**3:07-cv-1969 Notice has been electronically mailed to:**
John F. Nevares jfnevares-law@microjuris.com, jfnevareslaw@gmail.com
Eric M. Quetglas-Jordan quetglaslaw@hotmail.com, eric@quetglaslaw.com
Nestor Duran-Gonzalez nd@mcvpr.com, usdc@mcvpr.com
Jose F. Quetglas quetglaslaw@hotmail.com
Raul M. Arias-Marxuach rma@mcvpr.com, usdc@mcvpr.com
PHV Jerrold S. Parker jerry@yourlawyer.com
PHV Daniel Becnel, Jr dbecnel@becnellaw.com
PHV Matthew B. Moreland mmoreland@becnellaw.com
PHV Elizabeth J. Cabraser ecabraser@lchb.com
PHV Wendy Fleishman wfleishman@lchb.com
PHV Charles S. Zimmerman csz@zimmreed.com



PHV Rebecca Bedwell-Coll rbcoll@lchb.com
PHV Fred Thompson, III fthompson@motleyrice.com
PHV Rhett D. Klok rklok@motleyrice.com

**3:07-cv-1969 Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81094-CIV-DIMITROULEAS

LEROY COFFEE, on behalf of himself and
all others similarly situated,

                Magistrate Judge Rosenbaum

  Plaintiff,

vs.

MEDTRONIC, INC., MEDTRONIC
PUERTO RICO, INC., and MEDTRONIC
PUERTO RICO OPERATIONS CO.,

  Defendants.

_____/

## ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

  THIS CAUSE is before the Court upon the Defendant Medtronic, Inc's Motion to Stay All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer [DE 8]. The Court has carefully considered this Motion, and is otherwise fully advised in the premises.

  On November 20, 2007, the Court entered an Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report [DE 3]. In the present Motion, the Defendants move for an order relieving the parties from having to meet the requirements of the Court's November 20, 2007 Order, and staying this action until the MDL hears motions on this case on January 30, 2008. As grounds for this motion the Defendants assert that they expect the MDL Panel to assemble and issue a conditional transfer order with respect to this action. However, as of the date of this Order no such conditional transfer order has been filed with this Court, and an MDP Panel has yet to even be assembled.

EXHIBIT
DD

Accordingly it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Stay All Proceedings Until After a Decision by the Judicial Panel on Multidistrict Litigation on Pending Motions for Transfer [DE 8] is hereby **DENIED without prejudice** to be renewed if the MDL Panel issues a conditional transfer order in this matter.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of January, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

C. Brooks Cutter, Esq.
David E. Smith, Esq.
Stuart C. Talley, Esq.
Theodore Babbitt, Esq.
Nancy J. Stewig, Esq.

2

| STATE OF MINNESOTA | FILED | DISTRICT COURT |
| COUNTY OF HENNEPIN | 07 DEC 21 PM 3: 46 | FOURTH JUDICIAL DISTRICT |

BY _____ DEPUTY
HENN CO. DISTRICT
COURT ADMINISTRATOR

| Shirley Bebeau, on her behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co.,<br><br>    Defendants. | **ORDER**<br><br>Ct. File No. 27-CV-07-22446 |

The above-entitled matter came on the day of December 17, 2007, for hearing before the Honorable Denise D. Reilly, Judge of District Court, on Defendants' Motion to Continue the Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer. Counsel noted their appearances on the record. The Court having heard and read the arguments of counsel, and based upon the files, records, and proceedings herein, makes the following:

### FINDINGS OF FACT

1. This case comes before the Court on allegations that potentially fatal defects exist in a portion of Medtronic implantable defibrillators and leads, some of which are marketed under the trade name "Sprint Fidelis." Plaintiff Shirley Bebeau ("Plaintiff") has a cardiovascular condition necessitating the use of an implantable pacemaker/defibrillator. Plaintiff was implanted with a Sprint Fidelis lead wire system manufactured by Medtronic in December 3, 2004; the system was later explanted on

1



September 19, 2007.  Plaintiff claims she suffered severe physical and emotional injuries as a result of the defective Sprint Fidelis lead system.

2.  Plaintiff commenced this action for compensatory, equitable, injunctive and declaratory relief by serving a Summons and Complaint upon Defendants Medtronic, Inc., Medtronic Puerto Rico, Inc., and Medtronic Puerto Rico Operations Co. (collectively, "Defendants") on October 23, 2007, alleging the following causes of action: Products Liability (Count I), Breach of Implied Warranty (Count II), Negligence (Count III), Intentional Infliction of Emotional Distress (Count IV), Negligent Infliction of Emotional Distress (Count V), Violation of Consumer Protection Statute (Count VI), Breach of Express Warranties (Count VII), Violation of the Minnesota Prevention of Consumer Fraud Act (Count VIII), Unjust Enrichment (Count IX) and Declaratory Relief and Medical Monitoring (Count X).

3.  Motions have been filed with the Joint Panel on Multidistrict Litigation ("JPML") seeking to transfer all cases filed in federal courts nationwide relating to Defendants' Sprint Fidelis leads into a single federal district court.

4.  On November 9, 2007, Defendants filed a Notice of Motion and Motion to Continue the Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer.  Defendants filed an Amended Notice of Motion on November 14, 2007, a Second Amended Notice of Motion on November 26, 2007, and a Third Amended Notice of Motion on November 30, 2007.  On December 10, 2007, Plaintiff filed a memorandum in opposition to Defendants' motion.  Defendants filed a reply memorandum in further support of their motion on December 14, 2007.

## CONCLUSIONS OF LAW

1.  The trial court, in its discretion, may stay the proceedings before it to allow the proceedings before another court to continue. *St. Paul Surplus Lines Ins. Co. v. Mentor Corp.*, 503 N.W.2d 511, 515 (Minn. App. 1993). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Twin Cities Galleries, LLC v. Media Arts Group, Inc.*, 431 F. Supp. 2d 980, 983 (D. Minn. 2006); *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A court has inherent power to stay proceedings to control its docket, to conserve judicial resources and to provide for the just determination of cases pending before it. *Armstrong v. Mille Lacs County Sheriffs Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000). The trial court's decision whether to stay the proceedings before it is reviewed under an abuse of discretion standard. *St. Paul Surplus Lines Ins. Co.*, 503 N.W.2d at 515.

2.  The district court also has "substantial discretion" in conducting discovery. *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003). The scope of an appellate court's review of discovery orders is thus both "narrow and deferential." *In re Missouri Dept. of Natural Resources*, 105 F.3d 434, 435 (8th Cir. 1997). A district court's discovery ruling will not be reversed "absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Tenkku*, 348 F.3d at 743.

3.  Defendants seek an Order from the Court staying all scheduled hearings and pending deadlines for filing answers or other responsive pleadings and service of discovery

3

until after the pending JPML motions are decided by the JPML. The Manual for
Complex Litigation provides:

> "In many cases, a court with one or more cases that are part of a mass tort may
> anticipate transfer by the MDL Panel. That court may, however, have...motions
> relating to discovery filed before the MDL Panel rules. A court in that position has
> the authority to grant or deny a motion or to stay the cases before it, pending the
> Panel's decision on transfer."

MCL-4TH § 22.35 (2004). "A stay pending the Panel's decision can increase
efficiency and consistency." *Id.* This is especially true where "pending motions raise
issues likely to be raised in other cases as well." *Id.*

4. Approximately eighteen actions alleging claims related to the Sprint Fidelis lead have
been filed in federal district courts in the District of Minnesota, the District of New
Jersey, the District of Puerto Rico, the Northern District of California, the Eastern and
Western Districts of Louisiana, the Western District of Missouri, the Northern District
of Iowa and the Southern District of Florida. Certain Plaintiffs have filed motions
before the JPML seeking transfer for coordination or consolidation pursuant to 28
U.S.C. § 1407(a). *See Affidavit of Melissa R. Stull*, Exs. A, B.

5. The Court finds it is an efficient use of judicial resources to stay this action pending
resolution of the motions awaiting decision by the JPML. A stay may not be
warranted when the case is "far along in discovery or motions practice," or when there
is "an urgent need to have that case resolved." MCL-4TH § 22.35 (2004). Such is not
the situation here. Judicial economy will be served by granting a stay and avoiding
potential inconsistencies, contradictory or divergent rulings, or duplication with

respect to discovery and pretrial matters. For these reasons, Defendants' motion to stay is granted.

## ORDER

1. Defendants' Motion to Continue the Court's Deadlines Until After a Decision by the Joint Panel on Multidistrict Litigation on Pending Motions for Transfer is **GRANTED**.

2. All scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under the Minnesota Rules of Civil Procedure shall be **STAYED** until pending motions before the Joint Panel on Multidistrict Litigation have been decided by that body.

Dated this _____ day of December, 2007.

BY THE COURT:

_____ for

The Honorable Denise D. Reilly
Judge of District Court

STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

FILED

08 JAN 14  AM 10:40

DEPUTY
HENN CO DISTRICT
COURT ADMINISTRATOR

                                                              Case Type: Civil

Todd Anderson,

                          Plaintiff,              Case No.:

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co., jointly and
individually

                          Defendants

---

Shirley Bebeau, on her behalf
and on behalf of all others
similarly situated,                       Case No.: 27-CV-07-22446

                          Plaintiff,

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co.,

                          Defendants.

---

Paul Carlisle and
Patricia Carlisle,
                          Plaintiffs,           Case No.: 27-cv-07-26373

      v.

Medtronic, Inc.

                          Defendant.

---

Denise DeHaan,
                          Plaintiff,

      v.                                          Case No.: 27-CV-07-26673

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

                          Defendants.

---

1


EXHIBIT

FF

Alicia Emioma,

        Plaintiff,

v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

        Defendants

Case No.: 27-cv-07-24213

---

Eva Harris,

        Plaintiff,

v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co.,

        Defendants.

Case No.: 27-CV-07-23898

---

Louisa Hunter,

        Plaintiff,

v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

        Defendants.

Case No.:  27-CV-07-24540

---

Kristen G. Kulseth, a minor, by and
through her parent and natural guardian
Dennis R. Kulseth,

        Plaintiff,

v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co., jointly and
individually,

        Defendants.

Case No.:

2

Dorothy E. Miller and
I. Diller Miller, Jr.,
             Plaintiffs,           Case No.: 27-CV-07-26680

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

             Defendants.

Kimberly Orange,
             Plaintiff,           Case No.: 27-cv-07-24538

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co.,

             Defendants.

Thomas M. Reed,
             Plaintiff,           Case No.:

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co., jointly and
individually,

             Defendants.

Patricia Ross,
             Plaintiff,           Case No.: 27-cv-07-24261

      v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

             Defendants.

3

Dennis Spencer,

              Plaintiff,                    Case No.: 27-CV-07-26678

     v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., and Medtronic
Puerto Rico Operations Co.,

              Defendants.

---

James D. Walter,

              Plaintiff,                    Case No.:

     v.

Medtronic, Inc., Medtronic
Puerto Rico, Inc., And Medtronic
Puerto Rico Operations Co., jointly and
individually,

              Defendants.

---

### ORDER ASSIGNING CASES TO ONE JUDGE AS COMPANIONS

     WHEREAS, all of the above-captioned cases involve claims against the

Medtronic defendants alleging claims related to the Sprint Fidelis Lead Products;

and

     WHEREAS, the "first-filed" case in Hennepin County District Court alleging

these claims after Medtronic announced the Sprint Fidelis field action – *Bebeau*

(Case No. 27-CV-07-22446) – was assigned to Judge Denise D. Reilly; and

     WHEREAS, assigning all of the cases alleging these claims to one judge

as companion cases would result in efficiencies to the Court and the parties and

their counsel;

     THEREFORE, based on the files and records herein, IT IS HEREBY

ORDERED:

1.    The above-captioned cases, having been filed and served as of the date of this Order, are hereby assigned as companion cases, and any cases involving similar allegations filed and served after the date of this Order, shall hereafter be assigned as companion cases, to Judge Denise D. Reilly for all purposes. The Court may issue such case management orders as are appropriate to manage these cases, collectively or separately. The Court reserves ruling on whether the cases will be re-assigned back to the currently-assigned judges for trial.

2.    A Master File is hereby established for the common case management activities in the companion cases. The case number for the Master File shall be 27-CV-07-22444. The original of this Order shall be filed with the Clerk in the Master File. The Clerk shall maintain a separate file for each of the companion cases and shall file a copy of this Order in each separate file. The Clerk shall mail a copy of this Order to counsel of record in each of these and any future companion cases.

3.    This Order shall apply to each case that is subsequently filed in or transferred to this Court that arises out of or relates to the same facts and claims alleged in the Complaints in the companion cases.

4.    If additional cases related to the subject matter of these companion cases are hereafter filed in this Court, or transferred here from another Court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such case;

    b. Notify all counsel of record of the filing or transfer of such case;

5

c. Make an appropriate entry in the Master Docket;

d. Mail to counsel of record in the newly-filed or transferred case a
copy of this Order; and

e. Upon the first appearance of any new Defendant(s), mail to the
attorneys for the Defendant(s) in such newly-filed or transferred
case a copy of this Order.

5.    All counsel shall assist the Clerk of Court by calling to the attention
of the Clerk the filing or transfer of any case which might properly be a
companion to these cases.

6.    Every pleading or motion filed in these cases that refers to two or
more of these cases collectively shall bear the following caption:

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
|  | Case Type: Civil |

IN RE MEDTRONIC SPRINT FIDELIS    Court File No: 27-CV-07-22446.
LEAD PRODUCTS LIABILITY STATE
COURT LITIGATION

This document relates to:

When a paper is intended to be applicable to all cases to which this Order is
applicable the words "All Actions" shall appear immediately after the words "This
document relates to." When a paper is intended to be applicable to two or more
cases, but not all of the cases to which this Order is applicable, the names of the

6

plaintiffs and the court file numbers shall appear immediately after the words "This document relates to."

7. With respect to all of the cases to which this order applies, all scheduled hearings and all pending deadlines for filing of an answer and/or responsive pleadings and service of discovery or automatic disclosures under the Minnesota Rules of Civil Procedure shall be STAYED until pending motions before the Joint Panel on Multidistrict Litigation have been decided by that body, per this Court's Order in *Bebeau* dated December 21, 2007.

Dated: January /6 , 2008

BY THE COURT:

The Honorable Denise D. Reilly
Presiding Judge, Civil Division

7